1  NIALL P. McCARTHY (SBN 160175)
   nmccarthy@cpmlegal.com
2  ANNE MARIE MURPHY (SBN 202540)
   amurphy@cpmlegal.com
3  JUSTIN T. BERGER (SBN 250346)
   jberger@cpmlegal.com
4  **COTCHETT, PITRE & McCARTHY, LLP**
5  840 Malcolm Road
   Burlingame, California  94010
6  Telephone:     (650) 697-6000
   Facsimile:      (650) 697-0577
7
8  ELIZABETH LETCHER (SBN 172986)
   eletcher@heraca.org
9  NOAH ZINNER (SBN 247581)
   nzinner@heraca.org
10 GINA DI GIUSTO (SBN 293252)
   gdigiusto@heraca.org
11 **HOUSING AND ECONOMIC RIGHTS ADVOCATES**
12 1814 Franklin Street, Suite 1040
   Oakland, California  94612
13 Telephone:     (510) 271-8443
   Facsimile:      (510) 280-2548
14
15 *Attorneys for Plaintiff Gena Hanson, Individually*
   *and on Behalf of All Others Similarly Situated*
16

17             **IN THE UNITED STATES DISTRICT COURT**

18            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

19

20 **GENA HANSON**, individually and on          )  Case No. 4:13-cv-05377 RS
   behalf of all others similarly situated,       )
21                                                 )
                                                   )
22           Plaintiff,                            )  **PLAINTIFF'S OPPOSITION TO**
                                                   )  **DEFENDANT'S MOTION TO DISMISS**
23      vs.                                        )
                                                   )
24 **JQD, LLC, d/b/a PRO SOLUTIONS**,             )  Date:        February 6, 2014
   a California corporation;                       )  Time:        1:30 p.m.
25                                                 )  Courtroom:   3, 17th Floor
                                                   )  Judge:       Hon. Richard Seeborg
26           Defendant.                            )
                                                   )
27 _____        )

28

_____
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................... 1

II.     STATEMENT OF FACTS ........................................................................................ 1

III.    LEGAL STANDARD ............................................................................................... 4

IV.     ARGUMENT ............................................................................................................ 4

      A.      Plaintiffs State A Claim Under the FDCPA Because Defendant Demands
            Payments with No Legal Basis for Doing So, and Makes Other Collection
            Demands That Are Prohibited by the Agreement under which It Claims
            the Right to Collect ........................................................................................... 4

            1.      Defendant Cannot Collect Debts without a Legal Basis for Doing So ............... 5

                       a.      Defendant's Motion Misstates the Law and Misses the Point .................. 6

                       b.      Defendant Violated 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B),
                           1692e(10), and 1692f(1) when It Attempted to Collect Fees
                           that Plaintiffs Did Not Owe the HOA ....................................................... 9

            2.      Defendant Engaged in Additional Collection Activities that Are
                 Prohibited to the HOA ....................................................................................... 10

                       a.      HOAs Are Limited in the Manner in which They May Collect
                         Delinquent Assessments ............................................................................ 11

                       b.      Defendant Violated 15 U.S.C. §§1692(e)(5) and 1692f(6)(A)
                         and (B) By Threatening To Foreclose On Plaintiff's Home When
                       Neither the HOA Nor Defendant Dad the Right To Foreclose .............. 11

                     c.      Defendant Violated 15 U.S.C. §1692(10) by Applying Payments
                       First to Costs and Fees Instead of to Assessments Owed ....................... 12

                       d.      Defendant Violated 15 U.S.C. § 1692(10) by Refusing Partial
                     Payments ................................................................................................... 12

      B.      Plaintiff's UCL Claim is Adequately Pled ...................................................... 14

V.      CONCLUSION ........................................................................................................ 15

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**

3

*Ashcroft v. Iqbal* (2009)
4
 556 U.S. 662 ...................................................................................................4

5

*Bank of the West v. Super. Ct.* (1992)
 2 Cal. 4th 1254 ...........................................................................................15
6

7

*Bell Atl. v. Twombly* (2007)
 550 U.S. 544 ...................................................................................................4
8

*Berryman v. Merit Property Management, Inc.* (Cal. Ct. App. 2007)
9
 152 Cal. App. 4th 1544 .............................................................................7, 8, 9

10

*Brown v. Professional Community Management, Inc.* (Cal. Ct. App. 2005)
11
 127 Cal. App. 4th 532 ...............................................................................7, 8, 9

12

*Building Industry Assn. of Central California v. City of Patterson* (Cal. App. 5th Dist. 2009)
 171 Cal. App. 4th 886 ...................................................................................5
13

14

*California Fed. Savings & Loan Assn. V. City of Los Angeles* (1995)
 11 Cal. 4th 342 ...........................................................................................13

15

*Channel Lumber Co. v. Porter Simon* (Cal. App. 3d Dist. 2000)
16
 78 Cal. App. 4th 1222 .................................................................................10

17

*Dey v. Continental Central Credit* (Cal. Ct. App. 2008)
18
 170 Cal. App. 4th 721 ...................................................................................8

19

*Erickson v. Pardus* (2007)
 551 U.S. 89 ...................................................................................................4
20

21

*Huntington Continental etc.  Assn. v. JM Trust*
(Super. Ct. Orange County App. Div., January 13, 2014)
22
 No. 2013-00623099, slip op., 2014 Cal. App. LEXIS 41 .....................................14

23

*In re Cisneros* (Bankr. N.D. Cal. Oct. 1, 2012)
24
 2012 Bankr. LEXIS 4561 .........................................................................6, 8, 9

25

*Ins. Co. v. McCain* (1878)
 96 U.S. 84 ...................................................................................................10
26

27

*LinearTech. Corp. v. Applied Materials, Inc.* (2007)
 152 Cal. App. 4th 115 .................................................................................16

28

---

*McDonald. v. Sun Oil Co.* (9th Cir. 2008)
   548 F. 3d 774 ...................................................................................................13

*MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.* (Cal. 2005)
   36 Cal. 4th 412 ..................................................................................................5

*Reichert v. Nat'l Credit Sys.* (9th Cir. 2008)
   531 F.3d 1002 ....................................................................................................5

*Rubio v. Capital One Bank* (9th Cir. Cal. 2010)
   613 F.3d 1195 ..................................................................................................15

*Starr v. Baca* (9th Cir. 2011)
   652 F.3d 1202 ....................................................................................................4

*State Farm Fire & Casualty Co. v. Superior Court* (1996)
   45 Cal. App. 4th 1093 .....................................................................................15

*United States v. Carter* (9th Cir. 2005)
   421 F.3d 909 ....................................................................................................13

*Wade v. Regional Credit Ass'n* (9th Cir. 1996)
   87 F. 3d 1098 ..............................................................................................4, 10

*Williams v. Gerber Prods. Co.* (9th Cir. 2008)
   523 F.3d 934 ....................................................................................................16

**STATUTES**

15 U.S.C. § 1692 ...........................................................................................passim

Cal. Civ. Code § 1350 ...........................................................................................2

Cal. Civ. Code § 1366.1 ................................................................................3, 5, 6

Cal. Civ. Code § 1367 ...................................................................................11, 13

Cal. Civ. Code § 2304 .........................................................................................10

**OTHER AUTHORITIES**

Sen. Com. on Judiciary, Analysis of Sen. Bill No. 561 (2011-2012 Reg. Sess.)
   Mar. 29, 2005 ......................................................................................................2

## I.   <u>INTRODUCTION</u>

Defendant's motion to dismiss entirely misconstrues the gravamen of Plaintiff's complaint. Plaintiff does not contend that the Davis-Stirling Act applies to Defendant.  Rather, Plaintiff contends that Defendant has attempted to make claims and take actions against Plaintiff and putative class members that it has no right to take under basic rules of agency and contract law.

Pro Solutions has no independent legal or contractual relationship with Plaintiff Gena Hanson or the putative class and has not asserted one.  Instead, Pro Solutions received Plaintiff's delinquent homeowner account from her homeowners association (HOAs) and is acting to collect debts on behalf of the HOAs.  In doing so, Defendant acts in the capacity of an agent.  Defendant's rights and claims against the Plaintiff are derivative of those of the HOA.  If the HOA cannot perform an action against Plaintiff, then Pro Solutions cannot either.

As set out in Plaintiff Gena Hanson's Complaint, Pro Solutions regularly subjects homeowners to collection practices that would be prohibited if performed by the HOA itself – including demanding fees that the HOA never incurred and therefore cannot collect.  By exceeding the bounds of its authority, Defendant has violated both the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Unfair Competition Law ("UCL"), Business & Professions Code § 17200, *et seq*.

## II.   <u>STATEMENT OF FACTS</u>

Named Plaintiff Gena Hanson and the other putative class members are homeowners belonging to various HOAs.  Complaint ¶ 33.  The homeowners' membership in these HOAs, which is a function of their having purchased homes subject to Covenants, Conditions, and Restrictions, includes an agreement to pay monthly assessments to their respective HOAs.

Defendant Pro Solutions has no independent legal or contractual relationship with Ms. Hanson or other homeowners.  *Id*. ¶ 26.  As set out more fully below, Pro Solutions' right to collect flows only from – and is therefore limited to – the HOAs' right to collect.

Homeowners' agreements with their HOAs are subject to state law requirements.  In order to protect the rights of individual homeowners within HOAs and help homeowners become current on delinquent assessments and avoid foreclosure, the California legislature enacted the Davis-Stirling

1  Common Interest Development Act ("Davis-Stirling Act"), Civ. Code § 1350, *et seq*.).[1]  Complaint ¶

2  18.  *See* Sen. Com. on Judiciary, Analysis of Sen. Bill No. 561 (2011-2012 Reg. Sess.) Mar. 29, 2005,

3  p. 1.

4         The Davis-Stirling Act imposes the following restrictions on HOAs' collection practices:

5    •    it limits the amount of late fees, interest, and other delinquency-related fees delinquent

6         homeowners can be charged;

7    •    it requires HOAs to accept partial payments from homeowners and apply them first

8         towards any delinquent assessments; and

9    •    it prohibits HOAs from threatening or pursuing foreclosure when a delinquent

10        homeowner owes less than $1,800 exclusive of fees.

11 Complaint ¶ 20.

12        Pro Solutions routinely ignores these restrictions when collecting delinquent homeowners'

13 debts to their HOAs on behalf of the HOAs.  Complaint ¶ 21.  Even though Pro Solutions receives

14 delinquent homeowners' accounts from the HOAs and acts as the HOAs' agent when it collects on

15 those accounts, its business model is based on engaging in collection practices that are prohibited to its

16 principal, the HOA.  *Id.*

17        Plaintiff Gena Hanson ("Ms. Hanson") fell several months behind on her monthly payments to

18 her HOA while receiving treatment for cancer.  Complaint ¶ 34. After her treatment ended, Ms.

19 Hanson returned home and attempted to pay her HOA for her past due payments.  *Id.* ¶ 35. Ms.

20 Hanson's HOA told her that it had assigned her account to Pro Solutions.  *Id.*

21        Ms. Hanson then received a letter from Pro Solutions entitled "Notice of Intent to Lien," stating

22 she owed $1,996.74.  *Id.* ¶ 36.  Of this amount, $855.70 – nearly 43% of the total balance demanded in

23 the letter – was for charges variously described in the letter as a "collection fee," "vesting costs,"

24 "mgmt. collection costs," and "other costs."  *Id.* and Exh. A to Complaint.

25

26 [1] Defendant notes that the Davis-Stirling Act was re-codified as of January 1, 2014.  Defendant provided the Court with a

27 conversion table to the new citations, but this table did not provide the conversions for the Davis-Stirling sections that are
   relevant to this complaint.  Plaintiff therefore attaches a conversion table for these sections as <u>Appendix A</u>.

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**                    2

Neither the HOA nor Pro Solutions was entitled to demand these collection fees, because they were not actually incurred by the HOA.  Under the Davis-Stirling Act, an HOA cannot demand any collection fees other than late fees and interest from a homeowner unless it is charging those fees to defray costs that it *actually incurred* to collect assessments.  Complaint ¶ 27; Civil Code §§ 1366(e)(1), 1366.1 (HOA can charge only "[r]easonable costs *incurred* in collecting the delinquent assessment, including reasonable attorneys fees.") (*emphasis added*).

The HOA had not incurred and would never incur these costs, however.  Complaint ¶¶ 23, 24.  Pro Solutions solicits HOAs for the right to collect their delinquent accounts by offering "No Cost Non-Judicial Collections."  *Id.* ¶¶ 22, 23.  Under Pro Solutions' business model and agreements with HOAs, it refrains from charging the HOA for collection of delinquent accounts in exchange for the HOA's ceding effective control of the account to Pro Solutions.  *Id.* ¶ 24.  Rather than charging the HOA, Pro Solutions immediately begins to bill its arbitrary and inflated fees (*e.g.,* for "collection," "vesting," and "other costs") directly to homeowners such as Ms. Hanson.  *Id.* ¶ 36.  Between March and October 2013, Pro Solutions charged Ms. Hanson a total of $1,823 for these fees, in addition to substantially overcharging her for interest and late fees.  *Id.* ¶¶ 45, 48.

Ms. Hanson attempted to pay her HOA for the monthly payments she had missed soon after returning home after her illness.  Complaint ¶¶ 38, 39.  Pro Solutions refused her payments on her HOA debt because the amount did not cover its fees.  *Id.*  Pro Solutions then charged her an additional $255.

Pro Solutions threatened Ms. Hanson with foreclosure even though she owed less than $1,800 in delinquent assessments.  *Id.* ¶¶ 37, 41.  When Pro Solutions did accept Ms. Hanson's payment of $1,000 after pressuring her to agree to a "payment plan," it applied most of it to its own fees, rather than Ms. Hanson's debt to her HOA.  *Id.* ¶¶ 42-45.

Pro Solutions' practices are not unique to Ms. Hanson; they apply broadly to its collection of homeowner accounts on behalf of HOAs around California.  Complaint ¶ 21-32.

/ / /

1

## III.   LEGAL STANDARD

2

On a motion to dismiss, the Court must accept the allegations in the Complaint as true and

3

construe all facts and make all inferences in favor of the nonmoving party.  *Bell Atl. v. Twombly*, 550

4

U.S. 544, 555-556 (2007).  Federal Rule of Civil Procedure 8 requires a "short and plain statement" of

5

a claim for relief – "specific facts are not necessary; the statement need only give the defendant fair

6

notice of what the … claim is and the grounds upon which it rests."  *Id.*; *see also Erickson v. Pardus*,

7

551 U.S. 89, 93 (2007).

8

Plausibility does not mean probability, but requires "more than a sheer possibility that a

9

defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial

10

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

11

inference that the defendant is liable for the misconduct alleged."  *Id.*  "If there are two alternative

12

explanations, one advanced by defendant and the other advanced by plaintiff, both of which are

13

plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6).  Plaintiff's complaint

14

may be dismissed only when defendant's plausible alternative explanation is so convincing that

15

plaintiff's explanation is *im*plausible."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (italics in

16

original).

17

## IV.   ARGUMENT

18

### A.   Plaintiffs State A Claim Under the FDCPA Because Defendant Demands Payments with No Legal Basis for Doing So, and Makes Other Collection Demands That Are Prohibited by the Agreement under which It Claims the Right to Collect

19

20

Plaintiff brings a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692

21

*et seq.*, which broadly prohibits the use of "any false, deceptive, or misleading representations or means in

22

connection with the collection of any debt."  15 U.S.C. §1692e; *see also Wade v. Regional Credit Ass'n*,

23

87 F. 3d 1098, 1099 (9th Cir. 1996).  A debt collector's failure to comply with "any provision" of the

24

federal FDCPA is sufficient to establish liability under that statute.  15 U.S.C.  §1692(k).[2]  Plaintiff

25

adequately alleges that Defendant failed to comply with multiple provisions of the FDCPA by demanding

26

27

28

payments and asserting collection rights that it did not (and could not) obtain from the HOA.

## 1.  **Defendant Cannot Collect Debts without a Legal Basis for Doing So**

A valid debt must have some basis in law or contract.  *See, e.g., Reichert v. Nat'l Credit Sys.*, 531 F.3d 1002, 1006 (9th Cir. 2008) (Defendant debt collector conceded violation of the FDCPA and failed to establish *bona fide* error defense where it demanded attorney fee from Plaintiff that was not "authorized by the lease agreement or permitted under Arizona law…")  This fundamental principle is specifically integrated into the FDCPA:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law…

15 U.S.C. § 1692f(1).

Pro Solutions has no independent basis to collect against Plaintiff.  Complaint ¶¶ 26, 28.  Plaintiff has no privity with and no obligation to Defendant.  Complaint ¶¶ 26, 28.  Defendant's rights against Plaintiff are entirely derived from those of the HOA.  Complaint ¶ 26. The rights of the HOA against Plaintiff are, in turn, defined by the parties' contractual relationship and limited by the Davis-Stirling Act.[3] Complaint ¶¶ 18, 27.

The Davis-Stirling Act limits the amount of late charges and interest on delinquent amounts, as follows:  "[i]f an assessment is delinquent, the association may recover *reasonable costs incurred* in collecting the delinquent assessment, a late charge not exceeding 10 percent of the delinquent assessment, and interest on all sums imposed in accordance with this section at an annual interest rate not to exceed 12 percent." Cal. Civ. Code § 1366(e) (emphasis added). The Davis-Stirling Act thus

---

[2]  Pro Solutions does not dispute that it is a "debt collector," or that Ms. Hanson is a "consumer" within the meaning of the statute.  15 U.S.C. § 1692a.
[3]  As contracts must be lawful to be valid, the Court should presume that the HOAs agreements with homeowners comply with Davis-Sterling.  *Building Industry Assn. of Central California v. City of Patterson*, 171 Cal. App. 4th 886, 895 (Cal. App. 5th Dist. 2009) ("Generally, existing legal standards are implied by law into a contract"); *MW Erectors, Inc. v.*

prohibits charging delinquent homeowners additional fees and penalties unless it is for the reimbursement of costs that an HOA *actually incurs* in collecting the delinquent account.  *See also* Civ. Code § 1366.1 ("[a]n association shall not impose or collect an assessment or fee that exceeds the amount necessary to defray the costs for which it is levied.").  Pro Solutions regularly exceeds these limits in its payment demands to homeowners, including Ms. Hanson, by regularly demanding fees from homeowners that the HOA did not incur and did not pay.  Complaint ¶¶ 23, 28, 31, 48.

The sole court that has directly addressed this issue--in a case involving the same Defendant and business practices at issue here—found that fees never incurred by the HOA could not be lawfully collected by Pro Solutions.  Specifically, in *In re Cisneros*, 2012 Bankr. LEXIS 4561 (Bankr. N.D. Cal. Oct. 1, 2012), the debtor homeowner conceded that he was responsible for his delinquent HOA dues and the expenses actually paid by the HOA.  However, he disputed the validity of the collection fees demanded by Pro Solutions.  *Id.* at *2.  The debtor, like Plaintiff here, argued that the fees were not recoverable by the HOA pursuant to the Davis-Stirling Act because the HOA did not actually incur the fees as costs.  *Id.*  The Bankruptcy Court agreed, holding that neither the HOA <u>nor Pro Solutions</u> could demand fees never paid by the HOA:

> Cisneros is not liable to Pro Solutions in any way. The claims it filed on behalf of the HOA are those of the HOA and are allowable only to the extent that the HOA may assert them under state law. It is clear that the fees of Pro Solutions are not allowable claims of the HOA under § 1366(e) because they were not costs incurred by the HOA in collecting the delinquent assessment. They are also not allowable under § 1366.1 because they exceed the amount necessary to defray the HOA's costs; they are not costs of the HOA at all.  To find otherwise opens the door to all sorts of mischief, as an HOA has no incentive whatsoever to question costs for which it is not liable and no incentive to search for services charging more reasonable costs.

*Id.* at *4.

### a.   Defendant's Motion Misstates the Law and Misses the Point

Defendant argues that there are no limits on what an HOA's agents or vendors can charge a delinquent homeowner because the Davis-Stirling Act does not directly regulate the collection practices of

*Niederhauser Ornamental & Metal Works Co., Inc.*, 36 Cal. 4th 412, 435 (Cal. 2005) ("Generally a contract made in violation of a regulatory statute is void").

1   an HOA's agents, citing *Brown v. Professional Community Management, Inc.*, 127 Cal. App. 4th 532

2   (Cal. Ct. App. 2005) and *Berryman v. Merit Property Management, Inc.*, 152 Cal. App. 4th 1544 (Cal. Ct.

3   App. 2007).  Defendant's Motion to Dismiss (MTD) p. 6-7.   Under Defendant's theory, the agent would

4   not only have rights that exceed that of the principal (the HOA), but carte blanche to charge homeowners

5   any amount, even when there is no legal basis for those charges.  There is no legal authority, including in

6   the cases cited by Defendant, for that position.  On the contrary, both *Brown* and *Berryman* show that the

7   debt collector's ability to collect hinges on what an HOA may lawfully collect.

8           In *Brown,* a homeowner brought claims under the Davis-Stirling Act against a third party debt

9   collector, PCS, alleging that she had been charged assessments or fees exceeding the amount necessary to

10  defray the costs to the HOA for which the assessments or fees had been levied.  *Brown,* 127 Cal. App. 4th

11  at 535.  The Court found that the Davis-Stirling Act did not prohibit an HOA from demanding that a

12  homeowner reimburse the HOA for the collection expenses the HOA incurred through payments to a

13  third-party.  The Court held that the HOA could charge the full amount *it actually paid* the vendor for

14  collection costs, including the vendor's markup on its services:

15              The costs *incurred by the association*, for which it levies an assessment or charges a
                fee, necessarily include the fees and profit the vendor charges for its services. While
16              section 1366.1 prohibits an association from marking up the incurred charge to
                generate a profit for itself, the vendor is not similarly restricted.  Plaintiff would have
17              it that no vendor selling its services to an association could charge a fee, or, indeed,
                continue in business as a profit-making enterprise.
18

19  *Id.* at 539 (emphasis added).  The *Brown* Court also specifically held that an HOA could not charge fees in

20  excess of its own costs.  *Id.* at 538 ("Here, the language of section 1366.1, in context, contains no

21  ambiguity.  The statute prohibits an 'association' from charging fees or assessments in excess of the costs

22  for which the fee or assessment is charged.").

23          Similarly, in *Berryman*, a Plaintiff homeowner disputed his responsibility to pay fees that his HOA

24  *had actually paid* to a third-party managing agent.  *Berryman v. Merit Property Management, Inc.*, 152

25  Cal. App. 4th 1544, 1548-49 (Cal. Ct. App. 2007).  The *Berryman* court closely followed *Brown*'s logic in

26  finding that the homeowner had no grounds to challenge his responsibility for paying costs *actually*

27  *incurred* by the HOA through its payment of fees to a third party, regardless of whether these costs

28

1    included a margin of profit for that third-party vendor.

2          The situation here is quite different.  Unlike the plaintiffs in *Brown* and *Berryman,* Plaintiff does

3    not challenge whether an HOA may charge a homeowner for costs that it actually incurred.  Nor does

4    Plaintiff dispute that a vendor may operate as a for-profit enterprise and charge an HOA fees that include a

5    profit for the vendor.  Rather, the Complaint alleges that a vendor collecting on behalf of an HOA may not

6    directly charge a homeowner fees never incurred by the HOA itself.  *See* Complaint ¶¶ 27, 28.  Neither

7    *Brown* nor *Berryman* ruled on this critical issue.  Indeed, the *Cisneros* court observed that "[t]hose

8    California courts which have ruled on the rights of homeowners under [Davis-Stirling] have noted that a

9    charge by an HOA is not lawful if it exceeds the homeowners association's costs," citing *Brown, supra,*

10   and *Dey v. Continental Central Credit*, 170 Cal. App. 4th 721, 729 (Cal. Ct. App. 2008) ("[A]

11   management company's fees are not illegal unless they exceed the association's 'costs' . . . .").  *In re*

12   *Cisneros*, 2012 Bankr. LEXIS 4561, *4-5 (Bankr. N.D. Cal. Oct. 1, 2012).[4]

13         Defendant argues that case law specifically holds that "competitive forces in the marketplace," and

14   not the Davis-Stirling Act, govern what it may charge Plaintiff.  MTD p. 1, 15-18.  This is inaccurate.

15   *Brown*, for example, specifically refers to the Davis-Stirling Act as a limitation on charges assessed to the

16   homeowner and states only that such fees "are not 'illegal' unless they exceed the association's costs,

17   costs that necessarily include the fee charged for the service."  *Brown*, 127 Cal. App. 4th at 539.

18         Nor is Defendant's conclusory allusion to the moderating influence of "market forces"

19   convincing.  In *Brown* and *Berryman,* the courts explicitly justified a lack of legal intervention because

20   the competitive forces of the free market would exert pressure on third-party vendors' fees.  *See*

21   *Brown*, 127 Cal. App. 4th at 539, *Berryman*, 152 Cal. App. 4th at 1560 (if third-party vendor "realizes

22   it is losing business because its fees are out of line with the marketplace, it will surely adjust its fees

23   accordingly").

24

25

26   _____
     [4] Although *Dey* upheld a fee charged by a third party debt collector but not incurred by the HOA, it did so by relying

27   mechanically on *Brown* and *Berryman* without following their rationale or actually considering whether a homeowner
     could be liable for costs never incurred by an HOA.  Moreover, the plaintiff in *Dey* specifically declined to raise the issue

28

1    This market-based rational presumes that a vendor will not charge unreasonable rates for its

2    services because HOAs – its potential clients – will not pay unreasonable rates, and will instead vote with

3    their feet by finding vendors with more competitive rates.  However, Pro Solutions avoids the usual price

4    controls exerted by a competitive marketplace by offering its services for *free* to HOAs.  Complaint ¶¶ 23,

5    28.  As the *Cisneros* court observed, "an HOA has no incentive whatsoever to question costs for which it

6    is not liable and no incentive to search for services charging more reasonable costs."  *In re Cisneros*, 2012

7    Bankr. LEXIS 4561, at *4 (Bankr. N.D. Cal. Oct. 1, 2012).  Homeowners who are forced to pay Pro

8    Solutions' exorbitant fees have no ability to "shop around" for collection agencies with more competitive

9    rates.  Their only choice is to pay Pro Solutions' fees or face foreclosure or a lawsuit.  Thus, when, as

10   here, an HOA does not pay for the vendor's services itself, the supposed moderating influence of the

11   market disappears.

12       By ignoring the Davis-Stirling Act's restriction of fees to those actually incurred by the HOA, Pro

13   Solutions effectively sabotages the competitive marketplace, undercutting competitors who comply with

14   the law.  Limiting fees to those actually incurred by the HOA is critical to the legislative purpose of

15   controlling costs charged to homeowners.

16       **b.**   **Defendant Violated 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B), 1692e(10),**
         **1692f(1) when It Attempted to Collect Fees that Plaintiffs Did Not**
17       **Owe the HOA**

18       Pro Solutions had repeated communications with Ms. Hanson where it demanded fees that the

19   HOA, and therefore Pro Solutions, was not entitled to collect.  Complaint ¶¶ 36, 37, 39, 41.  This

20   conduct violates multiple provisions of the FDCPA, first among them 15 U.S.C. §1692f(1), which

21   prohibits the collection of any amount, "unless such amount is expressly authorized by the agreement

22   creating the debt or permitted by law."  Pro Solutions also:

23       •   misrepresented the character, amount or legal status of the debt, in violation of §

24           1692e(2)(A), as the debt it claimed was not owed;

25       •   falsely represented the compensation it can receive, in violation of § 1692e(2)(B), as Pro

26   _____

27   of whether the Davis-Stirling Act limited what the HOA could charge the homeowners.  Under these circumstances, the
     specific, cogent, on-point analysis of *In re Cisneros* is far more persuasive.

28

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**                    9

Solutions has no basis for charging Ms. Hanson on its own, and the HOA cannot charge
fees unless they are "necessary to defray costs" it actually incurs.

- used false representations and deceptive means to collect, in violation of 15 U.S.C. §
1692(10).

The "least sophisticated consumer" standard applies to each of these violations. *Wade v. Regional Credit Association*, 87 F.3d 1098, 1100 (9th Cir. 1986). The least sophisticated consumer would certainly be misled by Pro Solutions' letters demanding fees not incurred by the HOA.

### 2.   Defendant Engaged in Additional Collection Activities that Are Prohibited to the HOA

In addition to attempting to collect fees which the HOA had not incurred, Defendant also violated the law by engaging in additional collection activities that the HOA could not have engaged in on its own. As an agent of the HOA, Defendant's collection rights extend only as far as the HOA's rights. Accordingly, as with the collection of fees, Defendant similarly cannot engage in collection activities and make claims against Plaintiffs that are prohibited to the HOA by contract and law.

It is basic agency law that an agent may reasonably be presumed to have power co-extensive with the business which his principal entrusts to his care. *See Ins. Co. v. McCain*, 96 U.S. 84, 86 (1878). Thus, an agent may be authorized to do what the principal may do. Cal. Civ. Code § 2304. Conversely, an agent may not do what the principal may not do itself. *See Channel Lumber Co. v. Porter Simon,* 78 Cal. App. 4th 1222, 1228 (Cal. App. 3d Dist. 2000) ("a principal may not assign nondelegable duties to an agent and may not employ an agent to do that which the principal cannot do personally"). As a result, Defendant's debt collection rights against Plaintiff are limited to those of the HOA itself. Defendant asserts that the Davis-Stirling Act does not apply to it; however, the Act does apply to the HOAs on whose rights Defendant necessarily depends. Defendant may make a claim against the Plaintiff to the extent that the HOA has a right to make the claim. Conversely, Defendant cannot have obtained from the HOA any more rights than the HOA has itself.

///

a.   **HOAs Are Limited in the Manner in which They May Collect Delinquent Assessments**

The following provisions under the Davis-Stirling Act are among those that regulate the ability of an association to collect assessments and to foreclose when those assessments remain unpaid:

- An HOA that seeks to collect delinquent regular or special assessments of an amount less than one thousand eight hundred dollars ($1,800), not including any accelerated assessments, late charges, fees and costs of collection, attorney's fees, or interest, may not collect that debt through judicial or nonjudicial foreclosure. *See* Civ. Code § 1367.4(b)).

- Any payments made by an owner shall first be applied to the assessments owed first; only after the assessments owed are paid in full may payments be applied to the fees and costs of collection, attorney's fees, late charges, or interest. *See* Cal. Civ. Code §1367.1(b).

- Defendant attempted to collect debts in a manner that did not comply with these provisions of the Davis-Sterling Act. Accordingly, as detailed in the following sections, Defendant further violated 15 U.S.C. §1692f(1), which prohibits the collection of any amount, "unless such amount is expressly authorized by the agreement creating the debt or permitted by law," and other provisions of the FDCPA.

b.   **Defendant Violated 15 U.S.C. §§1692(e)(5) and 1692f(6)(A) and (B) By Threatening To Foreclose On Plaintiff's Home When Neither the HOA Nor Defendant Dad the Right To Foreclose**

Pro Solutions attempted to assert foreclosure rights against Ms. Hanson that exceeded the rights the HOA could have asserted. On June 12, 2013, a Pro Solutions representative told Plaintiff that her home would be foreclosed unless Plaintiff paid the full amount Pro Solutions demanded, including Pro Solutions' own fees and collection costs. Complaint ¶ 41. However, at that time, Plaintiff's delinquent assessments were well below the $1,800 threshold amount required for an HOA to initiate foreclosure under Civ. Code § 1367.4(b). Plaintiff's HOA assessments were approximately $255 per month. Complaint ¶ 34. Moreover, Plaintiff alleged that she first fell behind on her HOA assessments in January

2013.  Complaint ¶ 34.  Thus, as of June 2013, Plaintiff's HOA assessments would not have exceeded $1,530 (6 months worth of assessments).  Therefore, Pro Solutions' threats to foreclose violated the following provisions of the FDCPA:

    c.    15 U.S.C. § 1692e(5), which prohibits threatening to take an action that could not legally be taken or was not intended to be taken; and

    d.    15 U.S.C. § 1692f(6)(A) and (B), which prohibits the taking and/or threatening to take a nonjudicial action to effect dispossession of property where it has no present right to possession and/or there is no present intention to take possession of the property.

    **c.**    **Defendant Violated 15 U.S.C. §1692(10) by Applying Payments First to Costs and Fees Instead of to Assessments Owed**

Plaintiff alleges that she sent a $1,000 check to Pro Solutions around June 15, 2013.  Complaint ¶ 43.  According to Plaintiff's July 2013 Account Statement from Defendant, only $255 of that $1,000 payment was applied to Plaintiff's HOA assessment debt.  Complaint ¶45.  The remaining $745 was applied to Defendant's fees.  Complaint ¶ 45.  Defendant therefore failed to apply all payments first towards delinquent assessments before they were applied to interest or collection expenses.  Since the HOA had no right to apply payments towards any fees or costs before fulfilling delinquent assessments, Defendant similarly had no such rights.

By unlawfully applying Ms. Hanson's payments to its fees before her past due assessments, Pro Solutions artificially inflated her past due assessment debt toward the $1,800 required to foreclose and, as described above, used this strategy to threaten and pressure Ms. Hanson.  Thus, Defendant violated 15 U.S.C. § 1692(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

    **d.**    **Defendant Violated 15 U.S.C. § 1692(10) by Refusing Partial Payments**

Cal. Civ. Code § 1367.1(b) indicates that an HOA is obligated to accept partial payments.  In construing the provisions of a statute, the court first looks to the language of the statute to determine whether it has a plain meaning.  *See McDonald. v. Sun Oil Co.,* 548 F. 3d 774, 780 (9th Cir. 2008).  If the relevant language is plain and unambiguous, the Court's task is complete.  *See United States v. Carter,*

421 F.3d 909, 911 (9th Cir. 2005); *see also California Fed. Savings & Loan Assn. V. City of Los Angeles*, 11 Cal. 4th 342, 349 (1995) ("When the words are clear and unambiguous, there is no need for statutory construction or resort to other indicia of legislative intent, such as legislative history.")

Here, the common sense and plain meaning of Cal. Civ. Code § 1367.1(b) indicates that the HOA is obligated to accept partial payments from homeowners and not just payments in full satisfaction of amounts owed. Section 1367.1(b) provides, in pertinent part:

> ***Any payments*** made by the owner of a separate interest toward the debt set forth in subdivisions (a) [i.e., the unpaid assessments, plus late charges, collection costs and interest] ***shall*** first be applied to the assessments owed, and only after the assessments are paid in full shall the payments be applied to the fees and costs of collection, attorneys' fees, late charges or interest.

(Emphasis added).

The fact that the statute mandates "any" payments, as opposed to "only full payments," is the first indication that partial payments are accepted. Moreover, the use of the word "*shall*" instead of "may" indicates that any payments – not just full payments – must be accepted. Finally, the fact that subdivision (b) clearly outlines the order and manner in which payments are to be applied presumes that delinquent homeowners may pay down their debts by making partial payments. *See Huntington Continental etc. Assn. v. JM Trust*, No. 2013-00623099, slip op., 2014 Cal. App. LEXIS 41 (Super. Ct. Orange County App. Div., January 13, 2014) (holding that the Davis-Stirling Act compels an HOA to accept partial payments on delinquent assessments and noting under §1367.1(b) "there would be no need to explain how payments are to be applied to various charges if the Legislature contemplated only payments in full."). Under the plain language of the statute, the HOA is obligated to accept partial payments from homeowners.

Defendant attempts to argue that the HOA is not required to accept partial payments because "if a homeowner could simply make any payment . . .there would be no reason for the legislature to specifically refer to payment plans." MTD p. 9. There are, however, other reasons to provide for payment plans, such as the ability to put a pause on late fees while the homeowner is complying with the payment plan. *See* Cal. Civ. Code § 1367.1(c)(3). Moreover, if the Legislature intended that delinquent homeowners be limited to payments in full, there would be no need for payment plans at all; it would be an all or nothing

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**                    13

transaction.

When Plaintiff attempted to make payments towards her HOA assessments in April 2013, Defendant refused to accept those payments because the check did not cover the full amount demanded by Pro Solutions, including Defendant's own costs and fees.  Complaint ¶¶ 38, 39.  Since the HOA was obligated to accept partial payments from Plaintiff, Defendant had no authority to refuse Plaintiff's payments as a means of collecting the full amount.  Therefore, Defendant violated 15 U.S.C. § 1692(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt, by communicating to Plaintiff that she was not allowed to make a partial payment toward her delinquent assessments.

B.    **Plaintiff's UCL Claim is Adequately Pled**

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice."  *Bank of the West v. Super. Ct.*, 2 Cal. 4th 1254, 1266 (1992).  Section 17200 is disjunctive in nature, meaning that it is violated if a business practice is unlawful **or** unfair **or** deceptive.  *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* 20 Cal. 4th 163, 180 (1999).  "A practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa."  *State Farm Fire & Casualty Co. v. Superior Court* 45 Cal. App. 4th 1093, 1102 (1996).

Here, Pro Solutions' conduct is independently actionable under all three prongs.  First, it is unlawful because the conduct violated the FDCPA (15 U.S.C. §§ 1692e, 1692f).  The unlawfulness of Pro Solutions' conduct is explained *supra*.

Second, Pro Solutions' conduct is independently actionable because it is unfair.  A business practice or act may be deemed unfair "even if not specifically proscribed by some other law."  *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.* 20 Cal. 4th 163, 180 (1999).  Under the "traditional balancing test," plaintiff must only allege facts showing Pro Solutions' business practices cause harm to consumers that outweighs the utility of the conduct in question.  *See Rubio v. Capital One Bank*, 613 F.3d 1195, 1205 (9th Cir. Cal. 2010).  Here, Plaintiff's complaint adequately alleges any number of  unfair practices that are unfair under the UCL, including: demanding fees from homeowners on behalf of HOAs that the HOA – and therefore its agent Pro Solutions –  may not

1   legally charge, Complaint ¶¶ 27, 28, 31, 49; requiring homeowners to pay Pro Solutions' fees before

2   permitting homeowners to pay down the actual amount of their debts, Complaint ¶¶ 25, 29; refusing to

3   accept partial payments unless homeowners agree to enter into a payment agreement for the full

4   balance demanded, Complaint ¶ 49; and threatening homeowners with foreclosure and/or a civil

5   lawsuit for unlawfully inflated debts, Complaint ¶¶ 30, 32, 49.

6           Third, Pro Solutions' conduct is independently actionable because it is fraudulent and

7   deceptive.  The Complaint adequately alleges that Pro Solutions: falsely represented the nature,

8   character and amount of the debt owed by Plaintiff, Complaint ¶¶ 21, 25-28, 31, 32, 36-37, 41; falsely

9   represented the services it rendered or compensation which it could lawfully receive, Complaint ¶¶ 36,

10  37, 39, 41; and threatened to take actions that could not legally be taken and/or that is was not

11  intending to take, Complaint ¶¶ 29, 39, 41.

12          It is rarely appropriate for the court to dismiss claims that a business practice is deceptive on

13  the pleadings.  *See Williams v. Gerber Prods. Co.*, 523 F.3d 934, 938-9 (9th Cir. 2008) (whether such a

14  scheme is "deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration

15  and weighing of evidence from both sides'and which usually cannot be made on demurrer.'") (quoting

16  *LinearTech. Corp. v. Applied Materials, Inc.,* 152 Cal. App. 4th 115, 134-35 (2007)) Given the fact

17  that questions are raised by the allegations of the Complaint, and Defendant's failure to challenge

18  Plaintiffs' claims under the "unfair" prong of the UCL,  Plaintiffs clearly state a "plausible" claim for

19  relief that can proceed to discovery.

20  **V.      CONCLUSION**

21          Defendant Pro Solutions asserts that it does not need to comply with Davis-Stirling Act

22  protections for homeowners connected to the collection of delinquent HOA assessments because these

23  protections only reference HOAs and not third parties collecting on HOAs' behalf.  This argument

24  ignores the fact that Pro Solutions has no legal right itself to collect any amount from homeowners and

25  must necessarily rest on those of the HOA.

26

27  / / /

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**                    15

1    By demanding fees that the HOA itself cannot, and by asserting collection rights – such as

2    refusing homeowners' partial payments and applying any payments to its fees before the principal debt

3    – that the HOA cannot, Pro Solutions violates the FDCPA and the UCL.

4

5    Dated:  January 21, 2014                    **COTCHETT, PITRE & McCARTHY, LLP**

6                                               By: */s/ Anne Marie Murphy*

7                                                    NIALL P. McCARTHY
                                                    ANNE MARIE MURPHY
8                                                    JUSTIN T. BERGER

9

10   Dated:  January 21, 2014                   **HOUSING AND ECONOMIC RIGHTS
                                                ADVOCATES**
11

12                                             By: */s/ Noah Zinner*
                                                    ELIZABETH LETCHER
13                                                  NOAH ZINNER
                                                    GINA DI GIUSTO
14

15                                             *Attorneys for Plaintiff and the Proposed Class*

16

17

18

19

20

21

22

23

24

25

26

27

28

---