LEWIS BRISBOIS BISGAARD & SMITH LLP
STEPHEN H. TURNER, SB# 89627
  E-Mail: Stephen.Turner@lewisbrisbois.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant
JQD, LLC d/b/a PRO SOLUTIONS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| GENA HANSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JQD, LLC, d/b/a PRO SOLUTIONS, a California corporation,<br><br>Defendant. | CASE NO. 4:13-cv-05377 RS<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>DATE: February 6, 2014<br>TIME: 1:30 p.m.<br>CRTRM: 3<br>JUDGE: Richard Seeborg<br><br>Trial Date:   None Set |

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   **INTRODUCTION**

Try as she might, Plaintiff cannot escape the fact that her complaint alleges that Defendant violated the Davis-Stirling Common Interest Development Act ("Davis-Stirling Act") even though the act does not apply to Defendants. Plaintiff's attempt to distinghuish the controlling authority, which specifically holds that the Davis-Stirling Act does **not** apply to Defendant, the decisions in *Brown v. Professional Community Management, Inc.* (2005) 127 Cal. App 4th 532 and

*Berryman v. Merit Property Management, Inc.* (2007)152 Cal. App.4th 1544 fails utterly. Indeed, Plaintiff simply dismisses this case law which specifically holds that the amount of fees Defendant can charge are goverened by competitive forces in the marketplace, and not by the Davis-Stirling Act. Because *Brown v. Professional Community Management, Inc.* (2005) 127 Cal. App 4th 532 and *Berryman v. Merit Property Management, Inc.* (2007)152 Cal. App.4th 1544 is the controlling authority, Defendant simply cannot have violated the Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq. ("FDCPA") by allegedly not complying with the Davis-Stirling Act.

      Finally, Plaintiff's claim for violation of California Business & Professions Code §17200 et seq. (UCL), which is based solely on the allegations that Defendant violated the FDCPA and the Davis-Stirling Act, also fails because, as previously noted, Plaintiff has failed to allege a valid claim for either violation of either statute. Accordingly, Plaintiff's claims for violation of the FDCPA and the UCL fail and Defendant's motion must be granted.

## II.   LEGAL BASIS FOR COLLECTING THE DEBT

      The gravamen of Plaintiff's opposition is because Defendant has no contract with Plaintiff, Defendant has no legal basis for demanding fees from Plaintiff. However, the complaint never sets forth what fees could be charged in the contractual relationship between Plaintiff and the HOA and/or the contractual relationship between Defendant and the HOA. Accordingly, Plaintiff cannot simply allege that Defendant had no legal basis for the fees it charged. Indeed, if the contract between Plaintiff and the HOA provides for the collection of fees, Defendant did have a legal basis to collect. As to the amount of the fees, Defendant's motion already sets forth that "although Civil Code § 1368 prevents HOAs from charging inflated fees for documents and for transfer of title when a unit is bought or sold, the statute does <u>not</u> constrain the amount that an HOA's agent can

charge. *Berryman v. Merit Property Management, Inc.* (2007) 152 Cal. App. 4th 1544, 1552.

Plaintiff's argument that the Court must presume that the contract between the HOA and the Plaintiff complies with the Davis-Stirling Act is of no help to Plaintiff. Even if the contract between Plaintiff and the HOA provides for the collection of fees in the event Plaintiff fails to pay assessments, pursuant to the decisions in Brown and Berryman, the Davis-Stirling Act, does not restrict what Defendant can charge.

### A. Plaintiff's Attempt To Distinguish Brown And Berryman Fails

Plaintiff attempts to distinguish Brown and Berryman by arguing that in those decisions the collector charged its fees to the HOA rather than, as in the present matter, directly to the homeowner. Unfortunately for Plaintiff, the California Court of Appeals in Fowler v. M&C Assn. Management Services, Inc., 220 Cal. App. 4th 1152 **(WHAT YEAR?)** expressly dealt with this issue and summarily rejected Plaintiff's argument. The Court in Fowler held:

> It makes no difference that M&C imposes the fees directly on the home buyer, rather than billing the HOA for its services and having the HOA assess the buyer for the costs of the fees and remitting the amount to M&C. (Compare Berryman, supra, 152 Cal.App.4th at p. 1548 with Brown, supra, 127 Cal.App.4th at p. 536.) In either event, the fees are charged by M&C for the cost of its services and include no override for the benefit of the HOA.

Id at 1158.

Since the fees are ultimately charged to the homeowner regardless of whether the fees are charged to the HOA or directly to the homeowner, Plaintiffs distinction, as pointed out by the court in Fowler, is a distinction without a difference.

### B. In Re Cisneros Is Not Applicable To The Present Matter

Plaintiff argues that the decision in In Re Cisneros, 2012 Bankr. LEXIS 4561 (Bankr. N.D. Cal. Oct. 1, 2012, makes it clear that Defendant cannot collect the fees it attempted to collect. Plaintiff is simply wrong. The court in Cisneros held: "It is clear that the fees of Pro Solutions are not allowable claims of the HOA under §1366(e) because they were not costs incurred by the HOA in collecting the delinquent assessment. They are also not allowable under § 1366.1 because they exceed the amount necessary to defray the HOA's costs; they are not a cost of the HOA at all." Id at *4.

Critically, the Cisneros Court specifically distinguished the decisions in Brown and Dey v. Continental Central Credit, 170 Cal.App.4th 721, 729, on the ground that "they involved appeals from demurrers sustained in actions for damages brought by property owners. The courts in both cases held that Civ. Code §1366.1 only limited the homeowners association and did not create a cause of action against homeowners associations or businesses employed by the association." Id at *6 fn 3.

Here, unlike Cisneros, Plaintiff's claim is brought directly against business employed by the homeowner's association. Thus, the key factor which lead to the Cisneros Court to decline to apply Brown, Dey and Berryman is present in this case. Therefore, those cases, and not Cisneros, are controlling.

In any event, this Court "must defer to the California Court of Appeals interpretation [of a state statute] unless there is convincing evidence that the California Supreme Court would decide the matter differently." California Pro-Life Council, Inc. v. Getman, 328 F.3d 1088, 1099 (9th Cir. 2003). Here, the interpretation concerns the California Davis-Sterling Act. As such, the decisions by the California Court of Appeal in Berryman, Dey, Brown and Fowler are controlling. Those cases are directly on point and Plaintiff has not provided any evidence that the California Supreme Court would decide the matter differently.

///

## II. DEFENDANT'S ADDITIONAL COLLECTION ACTIVITY DID NOT VIOLATE THE DAVIS-STIRLING ACT AND/OR THE FDCPA

### A. Defendant Did Not Violate §§ 1692e(5) and 1692f(6)(A) and (B) By Threatening Foreclosure

Plaintiff's Opposition engages in an elaborate math calculation, starting with the vague premise that the HOA assessments "were approximately $255 per month." (Opposition, p. 11, line 26.) After making the calculations using the "approximate" $255 amount, Plaintiff comes up with the conclusion that the total amount owed when Defendant allegedly made the threat to foreclose could not have exceeded $1,530. (Opposition, p. 12, line 2.). This amount, which is not alleged in the complaint, is so vague the court should not even consider it. However, even if the amount is correct, Defendant's conduct still did not violate the FDCPA since Plaintiff **never alleges** that Defendant told her that it would immediately foreclose on Plaintiff's property. Indeed, Plaintiff's Complaint does not contain any time frame for the foreclosure. As such, Plaintiff cannot establish any violation. In fact, if Plaintiff did not pay Defendant could have foreclosed within a reasonably short period of time.

In addition, as Defendant's Motion sets forth, (and Plaintiff's Opposiiton ignores) Defendant, in a April 22, 2013, letter to Plaintiff, had already informed Plaintiff that Defendant could not foreclose unless Plaintiff owed $1,800 in regular assessment. (Exhibit B to Plaintiff's Complaint.) Consequently, Plaintiff has failed to allege that Defendant threatened to take an act which could not legally be taken.

### B. Defendant Did Not Violate § 1692(10)

Plaintiff's Opposition argues that Defendant violated § 1692(10) by not applying all Plaintiff's partial payments to assessments owed and by refusing to accept partial payment. First, Plaintiff's agency theory, as it relates to the FDCPA, is nonsensical. Just because the Davis-Stirling Act sets forth that an HOA has to

apply partial payments to assessments, it does not follow that a debt collector has to accept partial payments or apply partial payments to a specific category of the amount owed. There is nothing in the FDCPA, and Plaintiff cites no case law, which mandates a debt collector to accept partial payment or apply partial payments to a specific portion of the debt owed.

Furthermore, as Defendant has set forth numerous times in its Motion and in this Reply, the Davis-Stirling Act does not apply to Defendant.

### III. PLAINTIFF'S BUSINESS & PROFESSIONS CODE § 17200 FAILS

Apparently realizing that her FDCPA claim is extraordinarily weak, Plaintiff attempts to argue that even if Defendant's conduct did not violate the FDCPA, Plaintiff has nevertheless stated a claim for relief for violation of the UCL. However, Plaintiff's entire UCL claim is based on the fact that Defendant violated the FDCPA and/or the Davis-Stirling Act. The UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cal-Tech Communications, Inc. v. Los Angles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180. Here, all of Plaintiff's UCL claims are predicated on Defendant having violated the FDCPA or the Daivs-Stirling Act. Thus, Plaintiff's UCL claim fails because, as set forth above, as a matter of law, Plaintiff has failed to allege any violation of the FDCPA and/or the Davis-Stirling Act. Since Plaintiff has failed to allege a cognizable predicate claim substantiating that Defendant committed an unfair or unlawful deception of the public, Plaintiffs' UCL claim fails as a matter of law. (*Ingels v. Westwood One Broadcasting Services, Inc.* (2005) 129 Cal.App.4th 1050, 1060.) (A defendant cannot be liable under § 17200 for committing 'unlawful business practices' without having violated another law.)

Accordingly, Plaintiff's UCL claim should be dismissed.

/ / /

## IV. CONCLUSION

Plaintiff fails to recognize that <u>Berryman</u>, <u>Brown</u> and <u>Fowler</u> are directly on point with the present matter. Based on those decisions, the Court in the present matter must grant Defendant's motion.

DATED: Janaury 28, 2014  LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ *Stephen H. Turner*
Stephen H. Turner
Attorneys for Defendant
JQD, LLC d/b/a PRO SOLUTIONS

## FEDERAL COURT PROOF OF SERVICE

Hanson v. JQD, LLC dba PRO SOLUTIONS - File No. 28303.125

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, CA 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On January 28, 2014, I served the following document(s): **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Niall P. McCarthy, Esq.<br>Anne Marie Murphy, Esq.<br>Justin T. Berger, Esq.<br>Cotchett, Pitre & McCarthy LLP<br>840 Malcolm Road<br>Burlingame, California 94010 | Tel: (650) 697-600<br>Fax: (650) 697-0577<br>Emails: nmcarthy@cpmlegal.com<br>amurphy@cpmlegal.com<br>jberger@cpmlegal.com<br>*Attorneys for Plaintiff GENA HANSON* |
| Elizabeth S. Letcher, Esq.<br>Noah Zinner, Esq.<br>Housing and Economic Rights Advocates<br>1814 Franklin Street, Suite 1040<br>Oakland, California 94612 | Tel: (510) 271-8443<br>Fax: (510) 280-2548<br>Emails: eletcher@heraca.org<br>nzinner@heraca.org<br>*Attorneys for Plaintiff GENA HANSON* |

The documents were served by the following means:

☒ **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 28, 2014, at Los Angeles, California.

_____
ROSA E. ROJAS

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

4852-6112-9752.1

4:13-cv-05377

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS