JUSTIN BERGER (SBN 250346)
jberger@cpmlegal.com
EMANUEL TOWNSEND (SBN 305373)
etownsend@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, California  94010
Telephone:  (650) 697-6000
Facsimile:  (650) 692-3606

NOAH ZINNER (SBN 247581)
nzinner@heraca.org
GINA DI GIUSTO
gdigiusto@heraca.org (SBN 293252)
**HOUSING AND ECONOMIC RIGHTS
ADVOCATES**
1814 Franklin Street, Suite 1040
Oakland, California 94612
Telephone: (510) 271-8443
Facsimile: (510) 280-2548

*Attorneys for Plaintiff Gena Hanson, Individually
and on Behalf of All Others Similarly Situated*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GENA HANSON**, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**JQD, LLC, d/b/a PRO SOLUTIONS**, a California corporation;<br><br>　　　　Defendant. | Case No. 4:13-cv-05377-RS<br><br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><br>The Honorable Richard Seeborg |

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF; Case No. 4:13-cv-05377-RS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF SETTLEMENT ................................................1

II.   PROCEDURAL HISTORY.........................................................................................3

III.  THE SETTLEMENT TERMS AND PROVISIONS FOR NOTICE TO BE SENT TO ALL CLASS MEMBERS...........................................................................................5

IV.   THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL UNDER RULE 23(E) AND THE CASE LAW IN THE NINTH CIRCUIT AND THE NORTHERN DISTRICT OF CALIFORNIA ........................................................................................9

      A.    Legal Standard ........................................................................................9

      B.    The Settlement Class Should Be Certified...........................................10

            1.    The Settlement Class Meets the Requirements of Rule 23(a) ..................10

            2.    The Settlement Class Meets the Requirements of Rule 23(b) ..................13

            3.    Plaintiff Counsel Should Be Appointed As Counsel for the Settlement Class...................................................................................................15

      C.    The Proposed Settlement Meets The Rule 23 Standards for the Purpose of Granting Preliminary Approval ........................................................16

            1.    The Strength of Plaintiff's Case and the Amount Offered in Settlement ..16

            2.    The Risk, Expense, Complexity, and Likely Duration of Further Litigation........................................................................................17

            3.    The Extent of Discovery Completed and the Stage of Proceedings ..........18

            4.    The Settlement Was The Result of Arms' Length Negotiations ...............18

            5.    Maximum Relief Will Go Directly to Class Members ............................19

      D.    The Notice is Sufficient to Satisfy Rule 23 and Due Process Requirements.........20

V.    CONCLUSION.....................................................................................................21

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591 (1997)...................................................................................... 11, 14, 20

*Carnegie v. Household International, Inc.*,
  376 F.3d 656 (7th Cir. 2004) ....................................................................... 11

*Class Plaintiffs v. City of Seattle*,
  955 F.2d 1268 (9th Cir. 1992) ..................................................................... 9

*Create-A-Card, Inc. v. Intuit, Inc.*,
  Case No. CV-07-6452 WHA, 2009 U.S. Dist. LEXIS 93989, at *7 (N.D. Cal. Sept. 22,
  2009) .......................................................................................................... 9, 17

*D'Amato v. Deutsche Bank*,
  236 F.3d 78 (2d Cir. 2001) .......................................................................... 18

*Evon v. Law Offices of Sidney Mickell*,
  688 F.3d 1015 (9th Cir. 2012) ..................................................................... 13

*Farley v. Baird, Patrick & Co., Inc.*,
  Case No. 90 Civ. 2168 (MBM),
  1992 U.S. Dist. LEXIS 16435 at *12-13 (S.D.N.Y. Oct. 29, 1992)................. 16

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................. 12, 14, 15

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ....................................................................... 13

*Hanson v. JQD*, LLC,
  Case No. 13-05377 RS, 2014 WL 644469, at *1 (N.D. Cal. Feb. 19, 2014) ..... 3, 4

*Harrington v. City of Albuquerque*,
  222 F.R.D. 505 (D.N.M. 2004)..................................................................... 15

*In re Bluetooth*,
  654 F.3d 935 (9th Cir. 2011) ....................................................................... 18

*In re Inter-Op Hip Prosthesis Lab. Litig.*,
  204 F.R.D. 330 (N.D. Ohio 2001) ............................................................... 10

*Kakani v. Oracle Corp.*,
  Case No. C 06-06493 WHA, 2007 U.S. Dist. LEXIS 47515 at *16 (N.D. Cal. June 19, 2007)
  .................................................................................................................... 10

*Kingsbury v. U.S. Greenfiber, LLC*,
  Case No. CV09-001510AHM, 2012 U.S. Dist. LEXIS 94854, *7 (C.D. Cal. June 29, 2012)
  .................................................................................................................... 11

*Lane v. Wells Fargo Bank, N.A.*,
  Case No. C 12-04026 WHA, 2013 U.S. Dist. LEXIS 87669, *9 (N.D. Cal. June 21, 2013) 12

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF; Case No. 4:13-cv-05377-RS

ii

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

*Lerwill v. Inflight Motion Pictures, Inc.*,
   582 F.2d 507 (9th Cir. 1978) .............................................................................. 15

*Meyer v. Portfolio Recovery Assocs., LLC*,
   696 F.3d 943 (9th Cir. 2012) .............................................................................. 12

*Moore v. Verizon Communications*,
   Case No. C 09-1823 SBA, 2013 U.S. Dist. LEXIS 122901, *31-32 (N.D. Cal. August 28, 2013) ............................................................................................................. 18

*Oregon Laborers-Employers Health & Welfare Trust Fund v. Philip Morris, Inc.*,
   188 F.R.D. 365 (D. Ore. 1998) .................................................................... 11, 14

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .............................................................................. 10

*Valentino v. Carter-Wallace, Inc.*,
   97 F.3d 1227 (9th Cir. 1996) .............................................................................. 14

*Wal-Mart Stores Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005) ................................................................................. 18

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (U.S. 2011) ............................................................................... 12

*Williams v. Vukovich*,
   720 F.2d 909 (6th Cir. 1983) ................................................................................ 9

**Statutes**
15 U.S.C. § 1692 .......................................................................................................... 1

15 U.S.C. § 1692e ........................................................................................................ 1

Civil Code § 5650(b)(2) ........................................................................................... 1, 5

Civil Code § 5650(b)(3) ............................................................................................... 5

Civil Code § 5655 ........................................................................................................ 6

Fed. R. Civ. P. § 23 ........................................................................................... passim

Fed. R. Civ. P. § 23(a) ................................................................................... 10, 11, 13

Fed. R. Civ. P. § 23(a)(2) .................................................................................... 11, 12

Fed. R. Civ. P. § 23(a)(4) ........................................................................................... 13

Fed. R. Civ. P. § 23(b) ............................................................................................... 10

Fed. R. Civ. P. § 23(b)(3) .............................................................................. 11, 13, 14, 15

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 17

Fed. R. Civ. P. § 23(c)(1)(B) ..................................................................................... 15

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; Case No. 4:13-cv-05377-RS**   iii

Fed. R. Civ. P. § 23(c)(2)(b) ................................................................. 20

Fed. R. Civ. P. § 23(c)(3) ....................................................................... 20

Fed. R. Civ. P. § 23(e) ................................................................... 2, 9, 10

Fed. R. Civ. P. § 23(e)(1) ........................................................................ 20

Fed. R. Civ. P. § 23(g) ............................................................................ 15

Fed. R. Civ. P. § 23(g)(1)(C) ................................................................. 15

Fed. R. Civ. P. § 23(g)(1)(C)(i) ............................................................. 15

Fed. R. Civ. P. § 30(b)(6) ....................................................................... 18

**Other Authorities**

5 James Wm. Moore, Moore's Federal Practice § 23.83(1) (3d ed. 2002) .................................. 9

A. Conte & H.B. Newberg, Newberg on Class Actions (4th Ed. 2002) ............................... 9, 11

Manual For Complex Litigation (Fourth) § 21.632 (4th ed. 2004) ...................................... 9, 10

Manual for Complex Litigation (Third) § 30.41 (1997) ................................................ 9

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS

iv

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **October 13, 2016, at 1:30 p.m**., or as soon as counsel can be heard, before the Honorable Richard Seeborg, United States District Courthouse, 450 Golden Gate Avenue, Courtroom 3, 17th floor, San Francisco, California, 94102, plaintiff Gena Hanson will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 23, for an Order:

1. Granting preliminary approval of the proposed settlement,

2. Certifying the proposed Settlement Class for settlement purposes only,

3. Appointing Plaintiff Gena Hanson as the Class Representative of the Settlement Class for settlement purposes only,

4. Appointing Cotchett, Pitre, & McCarthy, LLP, and Housing and Economic Rights Advocates as counsel for the Settlement Class,

5. Approving the manner and form of Notice to the Settlement Class, and

6. Setting a schedule for the lodging of objections to the settlement, if any, and holding a hearing for final approval of the class action settlement.

The grounds for this motion are that: (a) the settlement is in the range of reasonableness justifying issuance of notice of the Agreement to Class Members, and the scheduling of final approval proceedings; and (b) the form and manner of providing notice regarding the matters set forth above satisfy the requirements of FRCP 23 and due process.

The grounds for this motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Justin T. Berger along with attached Exhibits, the Declaration of Gina Di Giusto, the complete files and records in this action, and such other written or oral arguments that may be presented to the Court.

/ / /

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS

1   The settlement agreement is attached to the Declaration of Justin T. Berger ("Berger

2  declaration") as Exhibit 1, and the proposed Notices to the Settlement Class are attached to the

3  Berger Declaration as Exhibits 2-3.

4

5  Respectfully submitted,

6

7   Dated:  September 8, 2016          **COTCHETT, PITRE & McCARTHY, LLP**

8

   By:  ___*/s/ Justin T. Berger*_____

9

10          JUSTIN T. BERGER
           EMANUEL B. TOWNSEND

11

12          **HOUSING AND ECONOMIC RIGHTS**
           **ADVOCATES**

13

14          NOAH ZINNER
           GINA DI GIUSTO

15

16          *Attorneys for Plaintiffs and the Proposed Class*

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF; Case No. 4:13-cv-05377-RS**

MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY OF SETTLEMENT

This action alleges that Defendant JQD LLC ("Pro Solutions") participates in unlawful debt collection practices in violation of federal and California law.  Pro Solutions is a debt collection company hired by Plaintiff Gena Hanson's ("Hanson") homeowners association ("HOA").  Hanson alleges that Pro Solutions' debt collection practices are outside of the proscribed limits set forth in the Davis Stirling Act, and that Pro Solutions is attempting to collect debts to which it has no legal right, violating 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and California's unfair competition law.  Defendant denies any wrongdoing and asserts because Defendant is not an HOA, the restrictions of the Davis Stirling Act do not apply to the actions of Defendant.  Defendant also claims that Plaintiff's claims suffer from other fatal legal deficiencies.

To finally resolve the matter, the proposed Class Action Settlement and Release ("Agreement") underlying this motion provides for:  1) substantial changes in Pro Solutions' practices and procedures, as set forth in the Agreement; 2) 40% debt relief to Class Members with open accounts; and 3) a Qualified Settlement Fund of no less than $400,000.

Defendant has agreed to change essentially all of the business practices that gave rise to this litigation, including:  Defendant has agreed to terminate "no cost" contracts; charge only late fees that comply with Civil Code § 5650(b)(2); add disclosures to all notices sent to homeowners; apply payments to outstanding assessments prior to fees; accept partial payments; and allow communication between homeowners and their HOA.  *See* Agreement Exhibit A ¶¶ 1-6 (attached as Exhibit 1 to the Declaration of Justin T. Berger ("Berger Dec.")).  Defendant also has agreed reduce outstanding fees of Fee Reduction Sub-Class Members by 40%.  *See* Agreement Exhibit A ¶ 10.  In addition to changing business practices and reducing outstanding fees of Class Members, Defendant has also agreed to monetary compensation.  A Qualified Settlement Fund shall be created by the Claims Administrator, and will be funded by Pro Solutions, through its insurer, in the amount of remaining policy limits as of March 10,

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; Case No. 4:13-cv-05377-RS**

1

2016.  The Qualified Settlement Fund shall be no less than $400,000, and payments from the Qualified Settlement Fund shall be made to Named Plaintiff, to Class Counsel for attorney's fees and costs, to the Claims Administrator, and the remainder shall be distributed to Participating Cash Relief Sub-Class Members.  *See* Agreement ¶¶ 3.2 and 3.2.1.  The monetary compensation, debt reduction, and change in business practices are all directly related to the conduct Plaintiff challenged in the lawsuit.  Without the Agreement, Defendant would not be obligated to make these concessions to the Class.  There is no reversion of any kind to Defendant.  There is a *cy pres* provision under the settlement – payments to Participating Cash relief Sub-Class Members that are less than $20 will be distributed to an organization or organizations selected by Plaintiff and Class Counsel.[1]  *See* Agreement ¶ 3.2.8.

This Agreement was reached only after contentious, arms-length negotiation, with the assistance of <u>three separate neutrals</u>.

Accordingly, Plaintiff, on behalf of herself and the members of the Proposed Settlement Class, respectfully moves under Fed. R. Civ. Proc. 23(e) for an order granting preliminary approval of the settlement.  If finally approved, the Parties' settlement will fully and finally resolve this litigation, including a release of all claims related to Defendant's attempts to collect fees and costs from Class Members during the Class Period.  *See* Agreement ¶ 8.1.

Given the inherent risks of litigation and the potential for extended duration of the litigation, the Parties submit the settlement is within the range of reasonableness required for this Court to grant preliminary approval, and that the settlement represents a fair, reasonable, and adequate outcome in this litigation.  Accordingly, Plaintiff requests the Court grant preliminary approval and begin the process for providing notice to Class Members and allowing them to review the settlement and exercise their rights.

/ / /

---

[1] Class Counsel will select and identify the proposed recipient in the Motion for Attorneys' Fees, which will be filed prior to the deadline to object or opt-out.

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; Case No. 4:13-cv-05377-RS

2

## II.   **PROCEDURAL HISTORY**

On November 19, 2013, Plaintiff filed the Action.  Plaintiff, on behalf of a putative class, alleged that Defendant engaged in illegal and unfair business practices under both federal and California law by collecting debt in a manner that violates legislature-established protections.

On January 6, 2014, Defendant filed a motion to dismiss the Complaint, arguing that the Davis-Stirling Common Interest Development Act ("Davis Stirling Act") is inapplicable to Defendant, and the FDCPA claims therefore fail.  Defendant argued that without violations of the FDCPA, Plaintiff's allegations of UCL violations also fail.  On February 19, 2014, the Court, while disagreeing with Pro Solutions' argument that the Davis Stirling Act was inapplicable to Defendant's debt collection practices, granted Defendant's motion to dismiss the Complaint in part, with leave to amend, because the Court found it "unclear which specific aspects of Pro Solutions' conduct are being targeted by [Plaintiff's] complaint. . . . This lack of clarity obfuscates the legal theories underlying her claims. Accordingly, the motion is granted in part with leave to amend."  *Hanson v. JQD*, LLC, Case No. 13-05377 RS, 2014 WL 644469, at *1 (N.D. Cal. Feb. 19, 2014).

On March 19, 2014, Plaintiff filed her First Amended Complaint ("FAC").  Plaintiff's FAC alleges that Defendant 1) charged Plaintiffs for collection costs that were no incurred by the HOA under its unlawful "no-cost" business model; 2) charged Plaintiffs excessive late fees; 3) charged Plaintiff's excessive interest; 4) threatened foreclosure when there was no right to foreclose; 5) refused partial payments from homeowners on their debt; and 6) applied payments to collection costs before fulfilling delinquent assessments.  Plaintiff contends that each of the collection activities are prohibited to the principal HOA, and as an agent of the HOA, Pro Solutions is also prohibited from engaging in these practices.

On April 11, 2014, Defendant filed a second motion to dismiss the Complaint, again arguing that the Davis-Stirling Common Interest Development Act ("Davis Stirling Act") is inapplicable to Defendant, and the FDCPA claims therefore fail.  After full briefing and oral

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; Case No. 4:13-cv-05377-RS**

3

argument, on July 7, 2014, the District Court denied Defendant's motion, holding that "because each challenged business practice gives rise to claims for relief under both the FDCPA and the UCL, defendant's motion is denied in full." *Hanson v. JQD*, LLC, No. 13-05377 RS, 2014 WL 3404945, at *1 (N.D. Cal. July 11, 2014).  On July 30, 2014, Defendant answered the First Amended, denying allegations of wrongdoing and asserting twenty four affirmative defenses.

With regard to discovery, the parties exchanged numerous documents and a full set of written discovery.  Plaintiff sent Defendant three sets of requests for production of documents. Defendant also sent Plaintiff a request for document production.  Interrogatories were sent by both Parties. The deposition of Plaintiff was conducted on June 8, 2015, and lasted over four hours.  The depositions of three different representatives for Defendant were held on February 11, 2015; February 12, 2015; and June 26, 2015.  In addition, the deposition of a third-party deponent was taken on June 26, 2015.  In exchanging and responding to pre-trial discovery, the Parties evaluated the strength of each side's case.  During the Case Management Conference both parties agreed to attempt mediation.  The first mediation session was held on March 25, 2015, lasted all day, and was facilitated by Marc Alan Fong, an attorney and mediator specializing in HOA law.  The parties provided briefs to Mr. Fong on the merits of the case as well as on damages.  This initial attempt at mediation was unsuccessful, though the Parties subsequently engaged in weeks of arms-length negotiations that eventually led both Parties to agree to a second mediation session.

On July 17, 2015, the Parties participated in in a second mediation session before JAMS mediator, Hon. William J. Cahill, (Retired).  Again, the Parties provided briefs to Judge Cahill on the merits of the case as well as on damages.  At the conclusion of this mediation, which lasted until the evening, the Parties agreed to several changes in Defendant's business practices but were unable to agree on the monetary portion of the settlement regarding debt relief offered to current class members.  On July 27, 2015 Judge Cahill offered a mediator's proposal to address the deadlock, and subsequently all Parties agreed to the proposal.  During

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; Case No. 4:13-cv-05377-RS**

4

the settlement agreement drafting process, further disagreements emerged, and the Parties were

unable to reach a final settlement agreement.

On December 17, 2015, the Parties were referred to Hon. Magistrate Judge Kandis

Westmore for a settlement conference to be held on March 9, 2016.  The Parties were finally

able to come to an agreement on all terms, which were placed on the record with Magistrate

Judge Westmore.

## III.   THE SETTLEMENT TERMS AND PROVISIONS FOR NOTICE TO BE SENT TO ALL CLASS MEMBERS

The settlement consists of:  All current or former California homeowners whose HOA

accounts were transferred to Pro Solutions and where Pro Solutions, between November 19,

2009 to the present, either:  (1) contacted the homeowner and stated a debt amount that

included charges not incurred by the HOA; (2) contacted the homeowner and stated a debt

amount that included late fees in excess of those authorized under California law; (3) contacted

the homeowner and stated a debt amount that included interest in excess of the amount

authorized under California law; (3) contacted the homeowner and stated a debt amount that

included interest in excess of the amount authorized under California law; (4) threatened or

initiated non-judicial foreclosure on assessment debt below $1,800, exclusive of fees; (5)

refused payments from a homeowner; and/or (6) collected a payment from the homeowner and

applied that payment to the costs of collection before delinquent assessments were paid in full.

*See* Agreement ¶ 1.3.

For a period of four (4) years after the entry of the Final Approval Order, Pro Solutions

will undertake and implement certain changes to its collection practices and procedures.  These

changes include:  (1) Pro Solutions will amend its existing contracts to eliminate "No Cost"

provisions; (2) Pro Solutions shall not charge late fees in excess of $10 or 10% of the

delinquent assessment, whichever is greater, pursuant to Civil Code Section 5650(b)(2); (3)

Pro Solutions shall not charge interest on delinquent accounts in excess of 12 percent per

annum as set forth in Civil Code Section 5650(b)(3); (4) All notices sent to homeowners shall

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS          5

include a Notice of Legal Rights to the homeowner.  Pro Solutions will not enter into any payment plans with any homeowner who has yet to receive written notice that includes the foregoing Notice of Legal Rights; (5) Payments from homeowners will be applied to outstanding assessments prior to fees; (6) Partial payments will not be rejected; (7) Pro Solutions will not prohibit communications directly between HOAs and homeowners; (8) For any file assigned to Pro Solutions prior to the Effective Date of Settlement for Benefits prior to the recording of the first document pertaining to non-judicial foreclosure, following the Effective Date of Settlement for Fees,  Pro Solutions will send homeowners the Notice of Legal Rights, and Pro Solutions will review the file to ensure that any payments made subsequent to the Effective Date of Settlement for Benefits are  properly applied to outstanding assessments prior to fees.  For all other files Pro Solutions will review the file to ensure that any payments were properly applied to outstanding assessments prior to fees; (9) Pro Solutions will not request homeowners to waive the protections of Cal. Civil Code section 5655 in the context of payment plans, absent a published opinion of the California Court of Appeals that finds such waiver provisions to be legal or legislation stating such waiver provisions to be legal; and (10) On or before January 15, 2017, and January 15, 2018, Pro Solutions will provide Class Counsel with a list of account numbers and corresponding homeowner names for all open accounts.  From the list, Class Counsel will select 10 account numbers.  Within thirty (30) days thereof, for each of those 10 account numbers, Pro Solutions will provide Class Counsel with its entire file, including copies of all correspondence; all data contained in Pro Solutions' database; and a copy of the HOA contract pursuant to which Pro Solutions is attempting to collect on the account.  *See* Agreement ¶ 3.1 and Exhibit A ¶¶ 1-9.

Defendant has also agreed to a fee reduction for a sub-class of current debtors (the "Fee Reduction Sub-Class").  Upon Final Judicial Approval, on each account, Pro Solutions will reduce the amount of fees that it seeks to collect and retain, as of the Preliminary Approval Date, by 40%.  Pro Solutions may not back-charge an account retroactively for work that has

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS        6

been done prior to the date of the Final Judicial Approval and reduction of fees, in an attempt to offset the 40% reduction.  *See* Agreement Exhibit A ¶ 10.

Under the terms of the settlement, the Claims Administrator will create a Qualified Settlement Fund, which will be funded by Pro Solutions, through its insurer, within fourteen (14) days after Final Judicial Approval, in the amount of the remaining policy limits as of March 10, 2016, less the fees and costs reasonably incurred by Defendant's Counsel between March 10, 2016 and Final Approval.  In no event shall the Qualified Settlement fund be less than $400,000.00.  *See* Agreement ¶ 3.2.  Payments from the Qualified Settlement Fund shall be made for (1) a Service Award to the Named Plaintiff not to exceed $5000; (2) Attorneys' Fees and Cost Award paid to Class Counsel not in excess of $200,000 of the Gross Settlement Amount and costs not to exceed $20,000; and (3) the Claims Administration Costs which is estimated to be $26,591.  The balance remaining shall constitute the Net Class Settlement Fund from which Gross Individual Settlement Payments shall be made to the Participating Cash Relief Sub-Class Members.  *See* Agreement ¶ ¶ 3.2.1 – 3.2.4.  Each Cash Relief Sub-Class Member's percentage of the Net Class Settlement Fund ("Individual Percentage") shall be calculated by dividing the amount of fees and costs collected and retained by Pro Solutions during the Class Period from each Cash Relief Sub-Class Member by the total amount of amount of fees and costs collected and retained by Pro Solutions during the Class Period from all Cash Relief Sub-Class Members.  The resulting Individual Percentage assigned to each Class Member shall be the percentage of the Net Class Settlement Fund that each Class Member shall be entitled to if he/she submits a timely Claim Form.  The resulting monetary amount equals the Gross Individual Settlement Payment, and the sum of all Gross Individual Settlement Payments equals the Net Class Settlement Fund.  Id. ¶ 3.2.5.  In the event all Class Members do not make claims and therefore the payments Gross Individual Settlement Payments to Participating Cash Relief Sub-Class Members total less than 100% of the Net Class Settlement Fund, the Claims Administrator shall proportionately increase the payment to each Participating Settlement Class Member so that the total settlement payout of Gross

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS

7

Individual Settlement Payments equals 100% of the Net Class Settlement Amount. *Id.* ¶ 3.2.7. After reapportionment pursuant to 3.2.7, Gross Individual Settlement Payments to Participating Cash Relief Sub-Class Members that are less than $20 will not be distributed to such Sub-Class Members, and instead will be distributed by *cy pres* to an organization or organizations selected by Plaintiff and Class Counsel subject to approval by the Court. *Id.* ¶ 3.2.8.

All costs arising from the administration of this Settlement are to be paid out of the settlement payment provided by Pro Solutions and its insurer. *Id.* ¶ 4.7.  Notice will be provided by the Angeion Group, an experienced administrator of class action settlements. *Id.* ¶¶ 1.2 and 5.1.

The settlement releases Class Members' claims related to all known and/or unknown and unanticipated injuries or damages, including any and all claims now existing or which may arise in the future, as well as those not known or disclosed, arising out of Pro Solutions' attempts to collect fees and costs from Class Members during the Class Period. *Id.* ¶ 8.1.  The settlement releases the Defendant and their affiliated entities as is commonly done with regard to class action settlements. *Id.* ¶ 1.28.

Pursuant to the Agreement, the proposed short-form Notice (attached as Exhibit 3 to the Berger Declaration) will be sent directly to all persons on the Class List provided by Pro Solutions.  Pro Solutions will provide a Class List to the Settlement Administrator within thirty (30) days of this Court entering an order preliminarily approving the settlement.  If approved by the Court, the Settlement Administrator will mail the proposed short-form Notice via postcard to each Class Member.  The short-form Notice will contain a link to a Claims website, which will contain a long-form Notice (attached as Exhibit 2 to the Berger Declaration). Agreement ¶¶ 4.3-4.4.

If more than five percent (5%) of Class Members opt out of the Settlement, Pro Solutions shall have the option to terminate the Settlement.  Agreement ¶ 10.3.

/ / /

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS

## IV.     THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL UNDER RULE 23(e) AND THE CASE LAW IN THE NINTH CIRCUIT AND THE NORTHERN DISTRICT OF CALIFORNIA

### A.     Legal Standard

Federal Rule of Civil Procedure 23(e) requires judicial approval for any compromise or settlement of class action claims.  There are three steps to be taken by the Court in considering approval of a class-action settlement: (i) the Court must preliminarily approve the proposed settlement; (ii) Class Members must be given notice of it; and (iii) a final hearing must be held, after which the Court must decide whether the proposed settlement is fair, reasonable, and adequate.  *See* Manual For Complex Litigation (Fourth) § 21.632, at 320-21 (4th ed. 2004) (the "MCL").  Approval of a proposed class action settlement is a matter within the sound discretion of the district court.  *See, e.g., Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Create-A-Card, Inc. v. Intuit, Inc*., Case No. CV-07-6452 WHA, 2009 U.S. Dist. LEXIS 93989, at *7 (N.D. Cal. Sept. 22, 2009) (addressing final approval).

Preliminary approval does not require the Court to answer the ultimate question of whether a proposed settlement is fair, reasonable and adequate; that decision is made only at the final approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice their views.  *See* 5 James Wm. Moore, Moore's Federal Practice § 23.83(1), at 23-336.2 to 23-339 (3d ed. 2002).  Preliminary approval is merely the prerequisite to giving notice so that members of the class have "a full and fair opportunity to consider the proposed [settlement] and develop a response." *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983).

Preliminary approval is appropriate as long as the proposed settlement falls "within the range of possible judicial approval."  A. Conte & H.B. Newberg, <u>Newberg on Class Actions</u> § 11.25 (4th Ed. 2002) ("Newberg") (quoting Manual for Complex Litigation Third § 30.41 (1997)); MCL, § 21.632 at 321.  Courts employ a "threshold of plausibility" standard intended to identify conspicuous defects.  *See, e.g*., *Kakani v. Oracle Corp*., Case No. C 06-06493

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS

9

WHA, 2007 U.S. Dist. LEXIS 47515 at *16 (N.D. Cal. June 19, 2007); *In re Inter-Op Hip Prosthesis Lab. Litig.*, 204 F.R.D. 330, 337-38 (N.D. Ohio 2001).  Unless the Court's initial examination "disclose[s] grounds to doubt its fairness or other obvious deficiencies," the Court should order that notice of a formal fairness hearing be given to class members under Rule 23(e).  *See* MCL § 21.633 at 321-22.

Plaintiff respectfully requests the Court take the first step in the settlement approval process and grant preliminary approval of the proposed settlement so that notice of the settlement can be given to the Settlement Class.  As summarized below, and as will be detailed further in a subsequent motion for final approval of the settlement, a preview of the factors considered by district courts in granting final approval of class action settlements demonstrates that preliminary approval should be granted.

In order to determine whether a settlement is fair, adequate, and reasonable at the final approval stage, "a district court must consider a number of factors, including: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement."  *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citation and quotation marks omitted).

**B.      The Settlement Class Should Be Certified**

**1.      *The Settlement Class Meets the Requirements of Rule 23(a)***

Rule 23 provides that a court must certify an action as a class action where, as here, Plaintiff satisfies the four prerequisites of Rule 23(a), and one of the three criteria set forth in Rule 23(b).  Rule 23(a) provides that a class may be certified if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS          10

defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b)(3) provides that "an action may be maintained as a class action" if:

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

However, Rule 23(b)(3)'s "manageability" requirement need not be satisfied in order to certify a class in the settlement context. *See Amchem Products*, *Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, . . . for the proposal is that there be no trial."); *see also Carnegie v. Household International*, *Inc.*, 376 F.3d 656, 660 (7th Cir. 2004) (manageability concerns may be disregarded in the class settlement context "because the settlement might eliminate all the thorny issues that the court would have to resolve if the parties fought out the case.").

The proposed Settlement Class meets the requirements of Rule 23 for purposes of settling this litigation.  <u>First</u>, the Settlement Class is sufficiently numerous to satisfy the requirements of Rule 23(a).  While there is no precise number adopted by Courts to satisfy the numerosity requirement, courts have generally found that the requirement is satisfied when the number of class members exceeds forty.  See Newberg § 18:4; *see also Oregon Laborers-Employers Health & Welfare Trust Fund v. Philip Morris*, *Inc.*, 188 F.R.D. 365, 372-73 (D. Ore. 1998).  Here, Defendant services over 700 HOAs with over 4300 active collection accounts, located throughout California, making joinder of all members of the Settlement Class impracticable.  This satisfies Rule 23(a)'s numerosity requirement.

<u>Second</u>, questions of law and fact are common to the class.  Commonality is present under Rule 23(a)(2) if "there are questions of law or fact common to the class."  "[C]lass members must share a 'common contention' that is capable of class-wide resolution."  *Kingsbury v. U.S. Greenfiber, LLC*, Case No. CV09-001510AHM, 2012 U.S. Dist. LEXIS 94854, *7 (C.D. Cal. June 29, 2012) (quoting *Wal-Mart Stores*, *Inc. v. Dukes*, 131 S. Ct. 2541,

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS

11

2545 (U.S. 2011)). "Rule 23(a)(2) does not require that each member in a class have identical factual and legal issues surrounding his or her claim." *Lane v. Wells Fargo Bank, N.A.*, Case No. C 12-04026 WHA, 2013 U.S. Dist. LEXIS 87669, *9 (N.D. Cal. June 21, 2013). "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Meyer v. Portfolio Recovery Assocs., LLC*, 696 F.3d 943, 948 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (amended)).

Here, questions of law and fact are common for the Settlement Class. These include (1) whether Pro Solutions can lawfully charge an HOA member who is delinquent on her assessments collection costs unrelated to costs actually incurred by the HOA; (2) whether Pro Solutions charges homeowners for late fees that exceed the late fees that the HOA may charge; (3) whether Pro solutions charges interest on delinquent accounts in an amount that exceeds the interest that the HOA may charge; (4) whether Pro Solutions threatens homeowners with foreclosure regardless of whether the homeowner owed more than $1800 in principle debt; (5) whether Pro Solutions refuses to accept partial payments from delinquent homeowners; (6) whether Pro Solutions applied payments to its own collection costs before homeowners delinquent assessments were satisfied; (7) whether Pro Solutions' practice of collecting and/or attempting to collect the foregoing amounts violate the FDCPA and/or constitute unfair and unlawful business practices; and (8) whether Pro Solutions' practice of taking and/or threatening to take a non-judicial action to effect dispossession of property where it has no present right to possession and/or there is no present intention to take possession of the property violate the FDCPA and/or constitute unfair and unlawful business practices.

Third, Plaintiff contends that her claims are typical of the claims of class members. Claims are "'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS

12

injured by the same course of conduct.'" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted)).

Here, Plaintiff believes her claims are typical of those of other class members.  Pro Solutions collection practices ignore the basic rule that a creditor, and therefore its agent, cannot take legal action against a debtor without legal basis to do so.  Pro Solutions operates without a contractual or statutory justification for the collection fees it demands from Plaintiff and other members of the Settlement Class.  Proving Plaintiff's claims requires showing that Pro Solutions collection practices are prohibited to the principal HOA, and therefore Pro Solutions as well, and these same prohibited collection practices would have to be shown on behalf of the members of the Settlement Class.

<u>Fourth</u>, Plaintiff and her counsel will adequately represent the Settlement Class. Adequacy requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  In determining adequacy, courts examine (1) whether there are conflicts within the class, and (2) whether the named plaintiffs and their counsel will vigorously prosecute the action on behalf of the class.  *See Evon*, 688 F.3d at 1030 (quoting *Hanon*, 976 F.2d at 508).  Plaintiff meets both requirements.  There are no conflicts between Plaintiff and other members of the Settlement Class, and Defendants' conduct is alleged to have injured Plaintiff as well as all members of the Settlement Class in the same manner.  Further, Plaintiff has retained highly capable and experienced counsel with experience litigating class action trust law cases as well as other types of consumer protection class actions.  Plaintiff's counsel has vigorously litigated this case, including the settlement negotiations, and will continue to do so.  Accordingly, Plaintiff and the Settlement Class meet the requirements of Rule 23(a).

### 2.    *The Settlement Class Meets the Requirements of Rule 23(b)*

Once the Court determines that the Settlement Class satisfies the requirements of Rule 23(a), the class must be certified under Rule 23(b)(3) if "the court finds that the questions of

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS                    13

law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The focus of the predominance and superiority requirements are "[j]udicial economy and fairness." *Oregon Laborers-Employers*, 188 F.R.D. at 375. Plaintiff's claims meet these requirements.

First, common questions of law and fact predominate over individual issues. The predominance requirement is satisfied if "proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 597, 623 (1997). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022 (quotation omitted). "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). Here, the common questions of law and fact predominate over individualized issues. The Settlement Class consists of thousands of Class Members which Plaintiff alleges were subject to similar conduct by Defendants. This is sufficiently cohesive to meet the predominance requirement.

Second, a class action is the superior method to resolving the claims of all Class Members. Rule 23(b)(3) provides that certification of a case is appropriate if class treatment "is superior to other available methods for the fair and efficient adjudication of the controversy." It sets forth four factors to be considered: (1) the interest of members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by members of the class; (3) the desirability of concentrating the litigation of the claims in a particular forum; and (4) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3).

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; Case No. 4:13-cv-05377-RS

14

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

Prosecuting this action as a class action is clearly superior to other methods of adjudicating this matter.  The alternative to a class action – many duplicative individual actions – would be inefficient, unfair and risk divergent results.  "Numerous individual actions would be expensive and time-consuming and would create the danger of conflicting decisions as to persons similarly situated."  *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).  Additionally, from a practical perspective, requiring individual actions would effectively deprive many class members of any means of redress.  It is difficult and expensive, and members of the Settlement Class with all but the largest claims would likely choose not to pursue their claims individually.  Most class members would be effectively foreclosed from pursuing their claims absent certification.  *Hanlon*, 150 F.3d at 1023 ("many claims [that] could not be successfully asserted individually ... would not only unnecessarily burden the judiciary, but would prove uneconomic for potential plaintiffs").  Accordingly, the proposed Settlement Class satisfies the requirements of Rule 23(b)(3).

**3.**   ***Plaintiff Counsel Should Be Appointed As Counsel for the Settlement Class***

Fed. R. Civ. P. 23(c)(1)(B) states that "[a]n order certifying a class action ... must appoint class counsel under Rule 23(g)."  In appointing class counsel, Rule 23(g)(1)(C) requires the court to consider:  "[1]the work counsel has done in identifying or investigating potential claims in the action, [2] counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, [3] counsel's knowledge of the applicable law, [4] the resources counsel will commit to representing the class."

The law firms of Cotchett, Pitre & McCarthy, LLP and Housing and Economic Rights Advocates seek to be appointed as counsel for the Settlement Class.  The firms have vigorously prosecuted this action and to devoted all necessary resources to obtain the best possible result.  *See* Berger Declaration ¶¶ 7-10. The work done to date supports the conclusion that they should be appointed as Class Counsel for purposes of the settlement.  *Id.*; *see also Harrington v. City of Albuquerque*, 222 F.R.D. 505, 520 (D.N.M. 2004).  The firms meet the criteria of Rule 23(g)(1)(C)(i).  *See* Berger Declaration ¶¶ 3-10, Exhibit 4; Declaration of Gina Di Gusto

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS

15

¶¶ 2-3; cf. *Farley v. Baird*, *Patrick & Co.*, *Inc.*, Case No. 90 Civ. 2168 (MBM), 1992 U.S. Dist. LEXIS 16435 at *12-13 (S.D.N.Y. Oct. 29, 1992) ("[c]lass counsel's competency is presumed absent specific proof to the contrary by defendants").

    **C.**    **The Proposed Settlement Meets The Rule 23 Standards for the Purpose of Granting Preliminary Approval**

        **1.**    ***The Strength of Plaintiff's Case and the Amount Offered in Settlement***

The proposed settlement provides a complete change in Defendant's business practices, substantial debt relief to applicable Class Members, and certain economic benefit to the Settlement Class.  The record shows that the Parties have vigorously litigated this action including two separate motions to dismiss.

Defendant has indicated that if a settlement was not reached at mediation, Defendant would vigorously oppose class certification.  Defendant also contested Plaintiff's allegations, and would appeal any judgement which holds Defendant must follow the Davis Stirling Act.  All of these factors were in play when the Parties reached a settlement – an agreement that took place only after multiple instances of unsuccessful efforts at resolution.  A settlement also occurred only after extensive negotiations, two mediations with highly experienced mediators, and a settlement conference with Magistrate Judge Kandis Westmore.  The Agreement provides meaningful relief for Class Members through Defendant's complete change of business practices, debt relief, and monetary compensation.  The significant relief obtained is directly tailored to the claims raised in Plaintiff's original and Amended Complaints.

Plaintiff respectfully submits that the proposed settlement is in the best interest of Class Members because, if approved, Defendant's business practices will change immediately, debt relief will be available to applicable Class Members and monetary compensation will be forthcoming.

While Plaintiff believes her claims are strong and meritorious, by resolving a case that is already approaching three years in length, the proposed Settlement Class will receive a certain and substantial concession of fees charged by Defendants through the settlement in resolution of disputed claims.  Accordingly, the benefit obtained is within the range of

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

reasonableness, especially given the Parties' beliefs about the strength of their respective arguments.

### 2.     *The Risk, Expense, Complexity, and Likely Duration of Further Litigation*

This factor weighs heavily in favor of preliminary (and, ultimately, final) approval of the settlement.  The risk, expense, complexity, and likely duration of further litigation can only be characterized as quite significant and would likely result in further appeals regardless of the outcome.

The claims alleged by the Settlement Class involve complex legal and factual issues, which the Court previously identified in certifying the Court's order denying the Defendants' Rule 12(b)(6) motion with respect to the First Amended Complaint.  If the action were to proceed to trial, Plaintiff would have to certify the class against strenuous objections by Defendant.  Defendants have made and will continue to make a vigorous defense to Plaintiff's claims as well as assert numerous affirmative defenses.

Among other things, the parties disagree with the application of the Davis Stirling Act and the legality of Pro Solutions business practices.  Plaintiff alleges that the Davis Stirling Act restricts the principal HOA, and therefore Pro Solutions as the agent of the HOA.  Defendant has countered that the Davis Stirling Act only applies to HOAs, and because Defendant is a vendor they are not limited by the Davis Stirling Act.  In deciding to enter into the settlement, Plaintiff considered the range of these legal and factual issues.

If Plaintiff were to prevail on class certification, liability and damages at trial, Defendants would almost certainly again appeal any such decisions or verdict.  For the Settlement Class, the outcome from further litigation and a lengthy appeal would be delayed further and, at worst, lead to a recovery that is less than the proposed settlement or no recovery at all.  The proposed settlement guarantees a substantial recovery for the Settlement Class now while obviating the need for a lengthy, complex, and uncertain litigation against Defendants. *See Create-A-Card*, *Inc.* v. *INTUIT*, *Inc.*, 2009 U.S. Dist. LEXIS 93989, at *13.

LAW OFFICES
COTCHETT, PITRE
& MCCARTHY, LLP

### 3.    *The Extent of Discovery Completed and the Stage of Proceedings*

During the three years of litigation, the Parties engaged in extensive discovery requests and responses, exchanged hundreds of pages of information and held extensive and often contentious meet and confer conferences in order to attempt to resolve significant discovery disputes.  Plaintiff served multiple sets of requests for production of documents and requests for admission.  Plaintiff produced numerous of pages of records.  Defendants served numerous requests for production of documents, requests for admission and interrogatories.  Plaintiff has deposed two 30(b)(6) witnesses and a third party deponent as well, while Defendant has deposed Plaintiff.

### 4.    *The Settlement Was The Result of Arms' Length Negotiations*

Courts presume that a proposed settlement is fair and reasonable when it is the result of arm's-length negotiations between well-informed counsel who support the settlement as fair, reasonable and adequate.  *See e.g. Wal-Mart Stores Inc. v. Visa U.S.A., Inc.* 396 F.3d 96, 116 (2d Cir. 2005) (there is a strong "presumption of fairness" where settlement is product of arm's-length negotiations conducted by experienced, capable counsel after meaningful discovery).  Moreover, the use of a mediator in settlement negotiations further supports this presumption of fairness and the conclusion that a settlement is free of collusion.  *See In re Bluetooth*, 654 F.3d 935, 948 (9th Cir. 2011) (participation of a respected mediator is "a factor weighing in favor of a finding of non-collusiveness"); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (noting that a "mediator's involvement in . . . settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure"); *Moore v. Verizon Communications*, Case No. C 09-1823 SBA, 2013 U.S. Dist. LEXIS 122901, *31-32 (N.D. Cal. August 28, 2013).

The well-experienced Plaintiff's counsel in this case are among the very few counsel nationwide that practice in the highly specialized area of class actions brought against HOAs and their vendors.  After almost three years of prosecuting the Action, they endorse the settlement as fair, reasonable, and adequate.

1   In addition, the Settlement was achieved only after protracted arm's-length

2   negotiations – including mediation with Judge William J. Cahill (Ret.), months of subsequent

3   telephonic negotiations and written exchanges between the Parties, and a final settlement

4   conference with Magistrate Judge Westmore.  These settlement discussions were conducted

5   with the aid of a nationally respected mediator and by experienced and well-respected counsel.

6   **5.   *Maximum Relief Will Go Directly to Class Members***

7   In this case, Defendant is required to change all of the business practices that gave rise

8   to this litigation.  There is no provision for reversion.

9   Moreover, Defendant is required to provide debt relief to Class Members with open

10   accounts.  As of July 2015, there were approximately 1300 files open with Defendant, worth

11   three million dollars in uncollected debt.  Thus, the 40% reduction in Defendant's collection

12   fees equates to approximately $1.2 million in debt relief for the Class.

13   Defendant will also provide more than $400,000 in monetary compensation to Class

14   members, which is the available limit on Defendant's insurance policy.  This is a good result

15   for the class, as Defendant has limited funds available for the settlement.  Defendant asserts,

16   and has agreed to verify through disclosure[2], that Defendant has little liquidity with which to

17   satisfy additional relief, were Plaintiff to obtain it.  There is substantial risk that further losses

18   by Defendant would lead to its insolvency and loss of any compensation for the class.

19   Finally, Plaintiff's counsel is going to take a reduction of nearly 50% in attorneys' fees

20   in order to maximize relief to the class.  Specifically, as of the date of the final settlement

21   conference with Magistrate Judge Westmore, Class Counsel's lodestar totaled approximately

22   $400,000, plus costs of over $15,000.  Counsel incurred additional attorneys' fees in

23   connection with that settlement conference, and the preparation of the Settlement Agreement

24   and this motion.  Given the tremendous business practice changes and debt relief that have

25   been obtained through this Settlement, Class Counsel could reasonably seek their entire

26   lodestar, with a multiplier.  CPM and HERA, however, in order to maximize the monetary

27

28   [2] Defendant is preparing an updated financial disclosure, which Plaintiff will submit to the Court.

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF
SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS                          19

relief to Class Members, will seek a maximum of $200,000 in fees, and $20,000 in costs, from the Common Fund.  Thus, Class Counsel will be compensated for less than half of the time they have dedicated to this matter.

**D.    The Notice is Sufficient to Satisfy Rule 23 and Due Process Requirements**

Rule 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Class members are entitled to the "best notice practicable under the circumstances" of any proposed settlement before it is finally approved by the Court.  Fed. R. Civ. P. 23(c)(2)(b). The notice must state in plain, easily understood language:

> • the nature of the action,
>
> • the definition of the class certified,
>
> • the class claims, issues, or defenses,
>
> • that a class member may enter an appearance through counsel if the member so
>   desires,
>
> • that the court will exclude from the class any member who requests exclusion,
>   stating when and how members may elect to be excluded, and
>
> • the binding effect of a class judgment on class members under Rule 23(c)(3).

*Id*.  Notice to the class must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem Prods*., 521 U.S. at 617.

Pursuant to the Agreement, the proposed short-form Notice (attached as Exhibit 3 to the Berger Declaration) will be sent directly to all persons on the Class List provided by Pro Solutions.  Pro Solutions will provide a Class List to the Settlement Administrator within thirty (30) days of this Court entering an order preliminarily approving the settlement.  If approved by the Court, the Settlement Administrator will mail the proposed short-form Notice via first class mail to each Class Member.  This information is readily obtainable from Defendants.

LAW OFFICES
COTCHETT, PITRE
& McCARTHY, LLP

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS

20

The short-form Notice will contain a link to a Claims website, which will contain a long-form Notice (attached as Exhibit 2 to the Berger Declaration).

The Notice informs Class Members about the nature of the action (*see* Exhibits 2-3 to the Berger Declaration), the definition of the Settlement Class (*see id.*, ¶ ¶ 1.3 – 1.9, p. 3), the claims, issues and defenses in the lawsuit (see *id.*, pp. 1-2), that Class Members can appear in the litigation if they desire (*see id.*, Part VII, pp. 13-14), that Class Members can opt out or be excluded (*see id.*, Part VI, p. 13) or can object (*see id.*, Part VII, pp. 11-12), and that the judgment will be binding on all Class Members who do not opt out (*see id.*, Part VIII, pp. 14-16).  This satisfies Rule 23.

## V.   CONCLUSION

For the foregoing reasons the Court should grant preliminary approval, approve the form of proposed Notice, certify the Settlement Class for settlement purposes, appoint Gena Hanson as Class Representative of the Settlement Class, appoint Cotchett, Pitre & McCarthy, LLP and Housing and Economic Rights Advocates as counsel for the Settlement Class, and set a schedule for the Final Fairness Hearing.

Dated:  September 8, 2016          **COTCHETT, PITRE & McCARTHY, LLP**

By:   */s/ Justin T. Berger*

JUSTIN T. BERGER
EMANUEL B. TOWNSEND

**HOUSING AND ECONOMIC RIGHTS ADVOCATES**

NOAH ZINNER
GINA DI GIUSTO

*Attorneys for Plaintiffs and the Proposed Class*

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** Case No. 4:13-cv-05377-RS