JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
EMANUEL B. TONSEND (SBN 305373)
etownsend@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

NOAH ZINNER (SBN 247581)
nzinner@heraca.org
GINA DI GIUSTO
gdigiusto@heraca.org (SBN 293252)
**HOUSING AND ECONOMIC RIGHTS ADVOCATES**
1814 Franklin Street, Suite 1040
Oakland, California 94612
Telephone: (510) 271-8443
Facsimile: (510) 280-2548

*Attorneys for Plaintiff Gena Hanson, Individually and on Behalf of All Others Similarly Situated*

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GENA HANSON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**JQD, LLC, d/b/a PRO SOLUTIONS**, a California corporation;<br><br>Defendant. | CASE NO. Case No. 4:13-cv-05377-RS<br><br>**DECLARATION OF JUSTIN T. BERGER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>The Honorable Richard Seeborg |

# DECLARATION OF JUSTIN T. BERGER

I, JUSTIN T. BERGER, declare as follows:

1. I am an attorney duly admitted to practice before all courts of the State of California, and am a partner with the law firm of Cotchett, Pitre & McCarthy, LLP ("CPM"), attorneys for Plaintiff in this matter. I make this Declaration of my own personal knowledge and, if called to testify as a witness, could and would competently testify to the matters stated herein.

2. I am admitted to practice before all courts of the State of California, the United States District Court for the Northern District of California, the United States District Court for the Eastern District of California, the United States District Court for the Central District of California, the United States Court of Appeals - Ninth Circuit, and the United States Court of Appeals - Fourth Circuit.

3. CPM has a forty-plus year history of litigating and trying complex cases in courts throughout the United States. CPM represents a wide spectrum of clients, including public institutional funds, hedge funds, employee pension trusts, corporate employees, labor unions, limited partnerships, corporations, not-for profit corporations, consumers and individuals. CPM is and has been lead and co-lead in many significant complex class actions, including product defect, antitrust matters, securities matters, shareholders derivative actions, and consumer protection cases. CPM has taken hundreds of cases to trial, and the attorneys in the firm are widely recognized for their trial experience.

4. CPM is experienced in handling complex litigation and has a long history of successful class action results. In addition to this case, CPM has served as lead and/or trial counsel in numerous notable federal and state consumer class actions, including: *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation* (C.D. Cal., Case No. 8:10MD2151 JVS (FMOx), MDL 2151); *In re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation* (N.D. Cal., Case No. M:05-CV-01699-CRB, MDL 1699); *Curry, et al. Fairbanks Capital Corp.* (D. Mass., Case No. 03-10895-DPW); *In re: Ocwen Federal Bank FSB Mortgage Servicing Litigation* (N.D. Ill., MDL No. 1604); (*In re: Natural Gas Anti-Trust Cases I, II, III, IV, and V* (Price Indexing Cases) (San Diego Superior

LAW OFFICES
COTCHETT, PITRE & MCCARTHY, LLP

DECLARATION OF JUSTIN T. BERGER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT;
CASE NO. Case No. 4:13-cv-05377-RS

1

Court, JCCP Nos. 4221, 4224, 4226, and 4228); *Old Republic Litigation* (San Francisco Superior Court No. 993507); *In re: Household Litigation* (N.D. Cal., Case No. C-02-1240 CW); *In re: AXA Wage and Hour Litigation* (N.D. Cal., Case No. C-06-4291 JSW); and *In re: Wachovia Wage and Hour Litigation* (C.D. Cal., MDL No. 07-1807 DOC).

5. CPM is highly experienced and well-regarded in many areas of complex litigation, and is comprised of excellent attorneys and staff. Attached hereto as **Exhibit 4** is a true and correct copy of CPM's firm resume, which includes biographies for Niall P. McCarthy, myself, and Emanuel Townsend, who are the attorneys at CPM handling this case.

6. CPM does not have any conflicts of interest with the named Plaintiff or with class members.

7. Along with our co-counsel, Housing and Economic Rights Advocates ("HERA"), CPM vigorously litigated this case prior to Settlement. With regard to discovery, the parties exchanged numerous documents and a full set of written discovery. Plaintiff sent Defendant three sets of requests for production of documents. Defendant also sent Plaintiff a request for document production. Interrogatories were sent by both Parties. The deposition of Plaintiff was conducted on June 8, 2015, and lasted over four hours. The depositions of three different representatives for Defendant were held on February 11, 2015; February 12, 2015; and June 26, 2015. In addition, the deposition of a third-party deponent was taken on June 26, 2015. In exchanging and responding to pre-trial discovery, the Parties evaluated the strength of each side's case.

8. The Settlement was entered into after lengthy, arms-length negotiations, with the assistance of three separate neutrals. The first mediation session was held on March 25, 2015, lasted all day, and was facilitated by Marc Alan Fong, an attorney and mediator specializing in HOA law. The parties provided briefs to Mr. Fong on the merits of the case as well as on damages. This initial attempt at mediation was unsuccessful, though the Parties subsequently engaged in weeks of arms-length negotiations that eventually led both Parties to agree to a second mediation session.

9. On July 17, 2015, the Parties participated in in a second mediation session before JAMS mediator, Hon. William J. Cahill, (Retired). Again, the Parties provided briefs to Judge

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

DECLARATION OF JUSTIN T. BERGER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT;
CASE NO. Case No. 4:13-cv-05377-RS

2

1  Cahill on the merits of the case as well as on damages.  At the conclusion of this mediation, which
2  lasted until the evening, the Parties agreed to several changes in Defendant's business practices but
3  were unable to agree on the monetary portion of the settlement regarding debt relief offered to
4  current class members.  On July 27, 2015 Judge Cahill offered a mediator's proposal to address the
5  deadlock, and subsequently all Parties agreed to the proposal.  During the settlement agreement
6  drafting process, further disagreements emerged, and the Parties were unable to reach a final
7  settlement agreement.

8       10.     On December 17, 2015, the Parties were referred to Hon. Magistrate Judge Kandis
9  Westmore for a settlement conference to be held on March 9, 2016.  The Parties were finally able
10 to come to an agreement on all terms.  This extensive mediation process, requiring intervention of
11 three separate neutrals evidences the non-collusive nature of the settlement.

12      11.     I believe this Settlement to be exceedingly fair, adequate and reasonable.  In this
13 case, Defendant is required to change essentially all of the business practices that gave rise to this
14 litigation.  There is no provision for reversion.

15      12.     Moreover, Defendant is required to provide debt relief to Class Members with open
16 accounts.  As of July 2015, there were approximately 1300 files open with Defendant, worth three
17 million dollars in uncollected debt.  Thus, the 40% reduction in Defendant's collection fees
18 equates to approximately $1.2 million in debt relief for the Class.

19      13.     Defendant will also provide more than $400,000 in monetary compensation to Class
20 members, which is the available limit on Defendant's insurance policy.  This is an excellent result
21 for the class, as Defendant has limited funds available for the settlement.  Defendant asserts, and
22 has agreed to verify through disclosure to the Court in connection with settlement approval, that
23 Defendant has little liquidity with which to satisfy additional relief, were Plaintiff to obtain it.
24 There is substantial risk that further losses by Defendant would lead to its insolvency and loss of
25 any compensation for the class.

26      14.     Finally, CPM and HERA are requesting from the common fund only a fraction of
27 the lodestar that we have incurred prosecuting this case, in order to maximize relief to the class.
28 Specifically, as of the date of the final settlement conference with Magistrate Judge Westmore,

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**DECLARATION OF JUSTIN T. BERGER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT;**
CASE NO. Case No. 4:13-cv-05377-RS

3

Class Counsel's lodestar totaled approximately $400,000, plus costs of over $15,000. Counsel incurred additional attorneys' fees in connection with that settlement conference, and the preparation of the Settlement Agreement and this motion. Given the tremendous business practice changes and debt relief that have been obtained through this Settlement, I believe we would be fully warranted in seeking our entire lodestar, with a multiplier. CPM and HERA, however, in order to maximize the monetary relief to Class Members, will seek a maximum of $200,000 in fees, and $20,000 in costs, from the Common Fund. Thus, CPM and HERA will be compensated for less than half of the time they have dedicated to this matter.

15. Attached hereto as **Exhibit 1** is a true and correct copy of the fully executed Settlement Agreement.

16. Attached hereto as **Exhibit 2** is a true and correct copy of the long form notice, which will be placed on the dedicated settlement website. The claims administrator has reviewed the notice, and I believe it to be the best practical notice under the circumstances.

17. Attached hereto as **Exhibit 3** are the proposed short-form notices, which will be delivered to class members in the form of a postcard. The claims administrator has reviewed these, and I believe them to be the best practical notice under the circumstances.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct, and that this declaration was executed on this 8th Day of September, 2016 at Burlingame, California.

                                        */s/ Justin T. Berger*
                                        JUSTIN T. BERGER

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

DECLARATION OF JUSTIN T. BERGER IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT;
CASE NO. Case No. 4:13-cv-05377-RS

4