UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GENA HANSON,

    Plaintiff,

    v.

JQD, LLC,

    Defendant.

Case No. 13-cv-05377-RS

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of this Action, in accordance with the proposed Class Action Settlement and Release dated as of July 21, 2016 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

2.    The Court does hereby preliminarily approve the Agreement and the settlement set forth therein, subject to final determination by the Court at the Final Approval Hearing described below.

3.    The Court finds on a preliminary basis that the settlement as set forth in the

Agreement falls within the range of reasonableness and therefore meets the requirements for preliminary approval.

4.      The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Action, including no effect upon the Action should the Agreement not receive final approval or should the Effective Date not occur), a class defined as: All current or former California homeowners whose HOA accounts were transferred to Pro Solutions and where Pro Solutions, between November 19, 2009 to the present, either:  (1) contacted the homeowner and stated a debt amount that included charges not incurred by the HOA; (2) contacted the homeowner and stated a debt amount that included late fees in excess of those authorized under California law; (3) contacted the homeowner and stated a debt amount that included interest in excess of the amount authorized under California law; (3) contacted the homeowner and stated a debt amount that included interest in excess of the amount authorized under California law; (4) threatened or initiated non-judicial foreclosure on assessment debt below $1,800, exclusive of fees; (5) refused payments from a homeowner; and/or (6) collected a payment from the homeowner and applied that payment to the costs of collection before delinquent assessments were paid in full.  Excluded from the Class are the Defendants herein, all officers, directors and employees of Defendants, and their legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

5.      The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the Class Members are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representative are typical of the claims of the Class; (d) the Class Representative and her counsel will fairly and adequately represent and protect the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6.      The Court appoints, for settlement purposes, the Plaintiff Gena Hanson as Class Representative, and the law firms of Cotchett Pitre & McCarthy and Housing And Economic

Rights Advocates as Class Counsel.

7.  A hearing (the "Final Approval Hearing") shall be held before this Court on February 23, 2017, at the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102-3489 to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in the Agreement should be entered; and to determine any amount of fees and expenses that should be awarded to Class Counsel and any award to the Class Representative for her representation of the Class.

8.  The Court approves the form, substance and requirements of the Short and Long Form Notices of Proposed Class Action Settlement ("the Notices") annexed hereto as Exhibits A-C. The Court further finds that the form, content and mailing of the Notices, substantially in the manner and form set forth in Paragraph 9 of this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

9.  Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints The Angeion Group, Inc. ("Claims Administrator") to supervise and administer the notice procedure as more fully set forth below:

   a.  No later than November 12, 2016, Defendant will provide the Claims Administrator and Class Counsel with a list, in computer readable format, of the following information for each Class Member:  (i) Name or names of the account; (ii) All addresses affiliated with the account (whether of the subject property or the homeowner, if different); (iii) The total amount of fees collected by and retained by Defendant during the Class Period.  Amounts collected via bankruptcy, or pursuant to a state court judgment, or pursuant to a stipulation which if not completed will be reduced to a judgment will not be included; (iv) Whether the account remains open as of the date or Preliminary Approval; (v) For open accounts, the amount of fees on the account as of the date of Preliminary Approval that Pro Solutions expects to retain; and (vi) The cost of collecting this

information will be paid out of the Qualified Settlement Fund.

b.  No later than November 22, 2016, the Claims Administrator shall mail the Short-Form Notice in the form of a Notice Postcard to the Class Members via first-class regular U.S. mail.  Prior to mailing, the Claims Administrator will perform a search based on the National Change of Address Database information to update and correct for any known or identifiable address changes.  If a new address is obtained by way of a returned Notice Postcard, then the Claims Administrator shall promptly forward the original Notice Postcard to the updated address via first-class regular U.S. mail indicating on the original Notice Postcard the date of such re-mailing.

c.  The Notice Postcard will contain a hyperlink to a Claims website, which will contain a Long-Form Notice, and an electronic claim form for Cash Relief Sub-Class Members.  Cash Relief Sub-Class Members will also have the option of downloading and mailing to the Claims Administrator the electronic claim form.

d.  Class Members will have until January 6, 2017 to submit their claims, to opt-out, or object to the settlement.

e.  Any Notices returned to the Claims Administrator as non-delivered on or before the Claim/Opt-Out/Objection Deadline Date shall be sent to the forwarding address affixed thereto within five (5) business days.  If no forwarding address is provided, then the Claims Administrator shall promptly attempt to determine a correct address using two skip-traces, computer or other searches using the name, address and/or Social Security number of the individual involved, and shall then perform a single re-mailing within five (5) business days.  Those Class Members that receive a re-mailed Notice shall have their deadline for submitting a Claim Form or objection to the Settlement extended thirty (30) days from the postmark date of re-mailing.  In the event the procedures in this paragraph are followed and the intended recipient of a Notice still does not receive the Notice, the Class Member shall be bound by all terms of the Settlement and any Final Judgment entered by the Court if the Settlement is approved by the Court.  Within five (5) days of the date of re-mailing, the Claims Administrator shall provide Pro Solutions with a list of the

Class Members to whom the re-mailing was sent. The list shall include the addresses to which the re-mailing was sent.

        f.      All costs arising from the administration of this Settlement including, but not limited to, the cost for all Mailed Notices, maintaining of the Settlement Website for one year after the Effective Date of the Settlement for Benefits, and for the Class Administrator are to be paid out of the settlement payment provided by Pro Solutions and its insurer.

        g.      The Class Administrator will maintain a settlement website from the date of Mailed Notice, and thereafter for one (1) year after the Effective Date of the Settlement for Fees that will: (1) provide instructions on how to contact Class Counsel for assistance; (2) contain a copy of the Class Notice and the Settlement Agreement; and (3) contain other information Defendant's Counsel and Class Counsel mutually agree is relevant for dissemination to Class Members regarding the proposed settlement.

10.     All Class Members who do not exclude themselves from the Class by properly and timely submitting a written Request for Exclusion shall be bound by all determinations and judgments in the Action concerning the settlement, whether favorable or unfavorable to the Class.

11.     Any Class Member may make a Request for Exclusion by mailing or delivering such request in writing to the Class Administrator at the addresses set forth in the Class Notice. Any Request for Exclusion must be postmarked or delivered not later than January 6, 2017. The Request for Exclusion shall (i) state the Class Member's full name and current address and (ii) specifically state his or her desire to be excluded from the Settlement and from the Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of the Settlement.

12.     Any Class Member who submits a timely Request for Exclusion may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

13.     The Parties shall jointly report the names of all individuals who have submitted a Request for Exclusion to the Court no less than ten (10) days prior to the Final Approval Hearing.

14. Any Class Member who does not timely and validly exclude himself or herself from the Class and wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file with the Clerk of the United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102-3489 a written notice of objection by January 6, 2017, as well as a notice of intention to appear at the Final Approval Hearing.

15. To state a valid objection to the Settlement, an objecting Class Member must provide to the Court and the Class Administrator the following information in his or her written objection: (i) full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Class; (iii) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; and (iv) provide copies of any other documents that the objector wishes to submit in support of his/her position.

16. Any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, incentive awards, and reimbursement of reasonable litigation costs and expenses. The objecting Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Class Notice, a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") by the Objection and Comment Date. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her counsel) will present to the Court in connection with the Final Approval Hearing. Any Class Member who does not file an objection with the Court and provide a Notice of Intention to Appear in complete accordance with specifications set forth in the Class Notice, will be deemed to have waived any objections to the Settlement and will be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

17. The agreed-upon procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement Agreement, in

accordance with the due process rights of all Class Members.

18. Class Members who have any objections to the Settlement must file such notice of objection or request to be heard with the Court, and serve by mail or hand delivery such notice of objection or request to be heard to the Class Administrator at the addresses set forth in the Class Notice, by January 6, 2017. Objectors who fail to properly or timely file their objections with the Court, along with the required information and documentation set forth above, or to serve them as provided above, will not be heard during the Final Approval Hearing, their objections may be waived and their objections will not be considered by the Court.

19. Class Counsel's application for attorneys' fees and expenses shall be filed and served December 22, 2016. The motion in support of final approval of the settlement shall be filed and served January 19, 2017.

20. The Released Parties shall have no responsibility for any application for attorneys' fees or expenses or for an incentive award to the Class Representative submitted by the Class Representative and Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the settlement.

21. At or after the Final Approval Hearing, the Court shall determine whether any application for attorneys' fees and expenses, and any award to the Class Representative for her representation of the Class, should be approved.

22. Neither this Order, the fact that a settlement was reached and filed, the Agreement nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants or any other Released Parties. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Agreement.

23. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

24. All proceedings in this Action are stayed until further Order of this Court, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

25. Pending final determination of whether the settlement should be approved, and upon expiration of the Claims/Opt-Out/Objection Deadline Date, all Class Members who do not timely and validly exclude themselves from the Class, and each of them, and anyone who purports to act on their behalf, shall not maintain, commence, prosecute, or pursue directly, representatively, or in any other capacity, any Released Claim subsumed and covered by the Release in the Agreement, including in any court or arbitration forum.

26. If: (a) the Agreement is terminated as provided in paragraph 10.3 of the Agreement; or (b) any specified material term or condition of the Settlement as set forth in the Agreement is not satisfied as provided in the Agreement, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated, *nunc pro tunc* (except Paragraph 26 of this Order shall remain in effect), and each party shall be restored to his, her, or its respective position in this Action as it existed prior to the execution of the Agreement.

27. By entering this Order, the Court does not make any determination as to the merits of this case.

28. The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Agreement and the settlement described therein.

1  **IT IS SO ORDERED**.

3  Dated: October 18, 2016

_____
RICHARD SEEBORG
United States District Judge