JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
EMANUEL B. TOWNSEND (SBN 305373)
etownsend@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

NOAH ZINNER (SBN 247581)
nzinner@heraca.org
GINA DI GIUSTO
gdigiusto@heraca.org (SBN 293252)
**HOUSING AND ECONOMIC RIGHTS ADVOCATES**
1814 Franklin Street, Suite 1040
Oakland, California 94612
Telephone: (510) 271-8443
Facsimile: (510) 280-2548

*Attorneys for Plaintiff Gena Hanson, Individually*
*and on Behalf of All Others Similarly Situated*

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GENA HANSON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**JQD, LLC, d/b/a PRO SOLUTIONS**, a California corporation;<br><br>Defendant. | CASE NO. Case No. 4:13-cv-05377-RS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES**<br><br>Date:   April 27, 2017<br>Time:  1:30 pm<br>Judge: The Honorable Richard Seeborg<br>Room: Courtroom 3, 17th Floor |

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................... 3

II. RELEVANT PROCEDURAL HISTORY ................................................................ 5

    A. The Pleadings ................................................................................................ 5

    B. Discovery ....................................................................................................... 6

    C. Mediation ....................................................................................................... 7

III. THE SETTLEMENT TERMS AND CONDITIONS ............................................... 7

    A. The Settlement Class ..................................................................................... 7

    B. Injunctive Relief ........................................................................................... 8

    C. Settlement Fund ............................................................................................. 9

    D. Payments to the Settlement Class ................................................................. 9

    E. The Release .................................................................................................. 10

    F. Notice .......................................................................................................... 10

    G. Attorneys' Fees, Costs, and Service Payment to Plaintiff .......................... 10

    H. Cy Pres ........................................................................................................ 11

IV. LEGAL STANDARD ........................................................................................... 11

V. CLASS COUNSEL'S FEE REQUEST IS REASONABLE ................................. 13

    A Class Counsel's Lodestar is $589,842.50, yet Class Counsel is Requesting only $200,000 in Attorneys' Fees .......................................................................... 13

    B. The Requested Fee is Less than 25% of the Total Tangible Monetary Benefit to the Class, Supporting a Finding of Reasonableness ...................................... 15

    C. Plaintiffs' Request for Reimbursement of Litigation Expenses is Reasonable ............ 15

    D. The Requested Service Payment to the Named Plaintiff is Reasonable ....................... 16

VI. CONCLUSION ...................................................................................................... 17

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF;** CASE NO. Case No. 4:13-cv-05377-RS

1

1

## **TABLE OF AUTHORITES**

2

**Page(s)**

Cases

*Abat v. Chase et al*
   Case No. SACV 07-1476 CJC (ANx) (C.D. Cal. November 7, 2011) ..................................... 14

*Beasley v. Wells Fargo Bank*
   235 Cal. App. 3d 1407 (1991) ................................................................................................. 16

*Blum v. Stenson*
   465 U.S. 886, 895–96 and n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) .............................. 12

*Bogosian v. Gulf Oil*
   621 F. Supp. 27, 32 (E.D. Pa. 1985) ....................................................................................... 16

*Camacho v. Bridgeport Fin., Inc.*
   523 F.3d 973 (9th Cir.2008) .................................................................................................... 12

*Cotton v. City of Eureka*
   Cal., 889 F. Supp. 2d 1154 (N.D. Cal. 2012) .......................................................................... 12

*Fischel v. Equitable Life Assur. Soc'y*
   307 F.3d 997, 1006 (9th Cir. 2002) ......................................................................................... 11

*Hanlon v. Chrysler Corp.*
   150 F.3d 1011 (9th Cir. 1998) ................................................................................................. 11

*Hanson v. JQD*, LLC
   Case No. 13-05377 RS, 2014 WL 644469, at *1 (N.D. Cal. Feb. 19, 2014)............................. 6

*Harris v. Marhoefer*
   24 F. 3d 16 (9th Cir. 1994) ...................................................................................................... 16

*Hensley v. Eckerhart*
   461 U.S. at 433, 103 S.Ct. 1933 (1983) ................................................................................... 12

*In re Bluetooth Headset Prods. Liab. Litig.*
   654 F.3d 935 (9th Cir. 2011) ........................................................................................ 11, 12, 13

*In re Mego Fin. Corp. Sec. Litig.*
   213 F. 3d 454 (9th Cir. 2000) .................................................................................................. 16

*In re Mercury Interactive Corp.*
   618 F.3d 988 (9th Cir. 2010) ................................................................................................... 11

*In re Pacific Enters. Sec. Litig.*
   47 F.3d 373 (9th Cir. 1995) ..................................................................................................... 13

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. Case No. 4:13-cv-05377-RS**

2

*In re Porsche Cars N. Am. Plastic Coolant Tubes Prods. Liab. Litig.*
  Case No. 2:11-md-2233 (S.D. Ohio, March 19, 2014).................................................. 14

*In re Vitamin Cases*
  110 Cal.App.4th 1041 (2003) ........................................................................................ 12

*Jordan v. Multnomah Cnty.*
  815 F.2d 125 (9th Cir.1987) .......................................................................................... 12

*Knight v. Red Door Salons, Inc.,*
  Case No. No. 08-01520 SC, 2009 U.S. Dist. LEXIS 11149, at *8
  (N.D. Cal. February 2, 2009)......................................................................................... 16

*Lealao v. Beneficial California, Inc.*
  82 Cal.App.4th 19 (2000) .............................................................................................. 13

*Lonardo v. v. Travelers Indem. Co.*
  706 F. Supp. 2d 766 (N.D. Ohio 2010)......................................................................... 14

*Morales v. City of San Rafael*
  96 F.3d 359 (9th Cir.1996) ............................................................................................ 12

*Quesada et al. v. Thompson et al.*
  850 F. 2d 527 (9th Cir. 1988) ........................................................................................ 12

*Razilov v. Nationwide Mut. Ins. Co.*
  Case No. 01-CV-1466-BR, 2006 U.S. Dist. LEXIS 82723 (D. Or. Nov. 13, 2006) ................... 17

*Six Mexican Workers v. Arizona Citrus Growers*
  904 F.2d 1301 (9th Cir. 1990) ....................................................................................... 13

*Staton v. Boeing Co.*
  327 F.3d 938 (9th Cir. 2003) .................................................................................... 12, 16

*Stevens v. Safeway, Inc.*
  Case No. CV 05-01988 MMM (SHx), 2008 U.S. Dist. LEXIS 17119 (C.D. Cal. 2008)........... 16

*The Sierra Club v. U.S. Envtl. Protec. Agency*
  75 F. Supp. 3d 1125 (N.D. Cal. 2014) .......................................................................... 12

*Vizcaino v. Microsoft Corp.,*
  290 F.3d 1043 (9th Cir. 2002) .................................................................................. 11, 13

*Winniger v. SI Mangement L.P*
  301 F.3d 1125, 1123-24 & n.9 (9th Cir. 2002); ............................................................ 11

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. Case No. 4:13-cv-05377-RS**

3

*Wolph v. Acer American Corporation*
   Case No. 3:09-cv-01314 JSW, 2013 U.S. Dist. LEXIS 151180 at *5
   (N.D. Cal. October 21, 2013)..................................................................... 12, 13

Statutes

Civil Code § 5650(b)(2)................................................................................. 3, 8

Civil Code § 5650(b)(3)...................................................................................... 8

Civil Code § 5655............................................................................................... 9

Fed. R. Civ. P. § 23(h)...................................................................................... 11

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF;** CASE NO. Case No. 4:13-cv-05377-RS

4

LAW OFFICES
Cotchett, Pitre &
McCarthy, LLP

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE** that at 1:30 pm on April 27, 2017, in connection with a hearing on final approval of the settlement, Plaintiff and her counsel ("Class Counsel") will move, and hereby do move, this Court before the Honorable Richard Seeborg, United States District Courthouse, 450 Golden Gate Avenue, Courtroom 3, 17th floor, San Francisco, California, 94102, for an award of attorneys' fees of $200,000, totaling approximately 12.5% of the total monetary benefit to the class (*i.e.*, the not less than $400,000 Qualified Fund plus approximately $1,200,000 in debt relief to the class), reimbursement of litigation expenses in the amount of $19,833.89, and a service payment to the Plaintiff of $5,000 for her time and effort representing the Class throughout this litigation.  This motion is brought pursuant to Fed. R. Civ. Proc. 23(h), 54(b) and 54(d)(2).

   The motion should be granted because (a) the requested attorneys' fees are fair and reasonable in light of Class Counsel's extensive and longstanding efforts to create a Settlement Fund of not less than $400,000 and approximately $1,200,000 in debt relief to the class; (b) the requested fees comport with Ninth Circuit case law developed in similar common fund litigation, (c) the expenses for which reimbursement is sought were reasonably and necessarily incurred in connection with the prosecution of this action; and (d) a reasonable incentive payment of $5,000 to the Plaintiff for her efforts on behalf of the Class is warranted and appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF;** CASE NO. Case No. 4:13-cv-05377-RS

1

1      This motion is based upon this Memorandum of Points and Authorities; the Declarations of

2  Justin T. Berger and Noah Zinner; the [Proposed] Order submitted herewith; and such other

3  records, pleadings, and papers filed in this action; and upon such argument and further pleadings as

4  may be presented to the Court at the hearing on this motion.

5

6  Dated:  February 17, 2017      **COTCHETT, PITRE & McCARTHY, LLP**

7          By:  ___*/s/ Justin T. Berger*___

8             JUSTIN T. BERGER
               EMANUEL B. TOWNSEND

9      **HOUSING AND ECONOMIC RIGHTS**
          **ADVOCATES**

10

11        NOAH ZINNER
          GINA DI GIUSTO
        *Attorneys for Plaintiffs and the Proposed Class*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF;** CASE NO. Case No. 4:13-cv-05377-RS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

After over three years of hard fought litigation, Plaintiff Gena Hanson ("Plaintiff") has obtained an extremely favorable settlement with Defendant JQD LLC ("Pro Solutions" or "Defendant").  Class Counsel's efforts have resulted in a settlement that provides for:  1) substantial changes in Pro Solutions' practices and procedures; 2) 40% reduction in Pro Solutions' accumulated fees on active accounts; and 3) a Qualified Settlement Fund of no less than $400,000. As reflected in the detailed declarations accompanying this Motion, Class Counsel have invested 1,264.8 hours in time and $19,833.89 in out-of-pocket expenses since this case began in 2013.  The case has presented novel and complex questions of law surrounding Pro Solutions' debt collection practices, which Plaintiff alleged violated federal and California law.

This matter has been intensely litigated for more than three years.  As a result of Class Counsel's efforts, Defendant has agreed to change <u>essentially all of the business practices that gave rise to this litigation</u>, including:  Defendant has agreed to terminate "no cost" contracts; charge only late fees that comply with Civil Code § 5650(b)(2); add disclosures to all notices sent to homeowners; apply payments to outstanding assessments prior to fees; accept partial payments; and allow communication between homeowners and their HOA.  (*See* Settlement Agreement ("Agreement") Exhibit A ¶¶ 1-6, attached as Exhibit 1 to the Declaration of Justin T. Berger In Support of Plaintiff's Motion for Preliminary Approval, ECF Dkt. No. 76-3).  Defendant also has agreed to reduce outstanding fees of Fee Reduction Sub-Class Members by 40%.  *See* Agreement Exhibit A ¶ 10.

In addition to changing business practices and reducing outstanding fees of Class Members, Defendant has also agreed to monetary compensation.  A Qualified Settlement Fund will be created by the Claims Administrator, and will be funded by Pro Solutions, through its insurer, in the amount of remaining policy limits as of March 10, 2016, less the fees and costs reasonably incurred by Defendant's counsel between March 10, 2016 and Final Approval.  The Qualified Settlement Fund shall be no less than $400,000, and payments from the Qualified Settlement Fund shall be made to Named Plaintiff, to Class Counsel for attorney's fees and costs, to the Claims

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. Case No. 4:13-cv-05377-RS**

Administrator, and the remainder shall be distributed to Participating Cash Relief Sub-Class Members.  *See* Agreement ¶¶ 3.2 and 3.2.1.  The monetary compensation, debt reduction, and change in business practices are all directly related to the conduct Plaintiff challenged in the lawsuit.  Without the settlement agreement ("Agreement"), Defendant would not be obligated to make these concessions to the Class.  There is no reversion of any kind to Defendant.  There is a *cy pres* provision under the settlement – payments to Participating Cash relief Sub-Class Members that are less than $20 will be distributed to an organization or organizations selected by Plaintiff and Class Counsel.  *See* Agreement ¶ 3.2.8.

Class Counsel dedicated substantial time and tremendous effort to obtain relief for the class as the Agreement was reached only after contentious, arms-length negotiation, with the assistance of <u>three separate neutrals</u>.

Class Counsel is requesting attorneys' fees in the amount of $200,000.  This amount is reasonable under both the lodestar and 25% benchmark methods for calculating reasonable attorneys' fees.  For example, <u>Class Counsel's lodestar is $589,842.50</u>.  <u>However, Class Counsel is requesting attorneys' fees in an amount that is only 34% of its lodestar</u>.  Although Class Counsel would be warranted in requesting 100% of their lodestar (and even a multiplier), Class Counsel only seek 34%, in order to maximize the recovery to the Class.  As such, Class Counsel submit that their rates are reasonable, and that the hours expended on the litigation were necessary and reasonable.

Additionally, the reasonableness of the fee request is further supported by a cross check to the monetary benefit received by the class pursuant to the settlement.  Although the requested fee will likely represent more than 25% of the Qualified Settlement Fund, it is less than 25% of the overall monetary benefit being conferred on the class.  As of July 2015, there were approximately 1,300 files open with Defendant, on which there was approximately three million dollars in uncollected Pro Solutions' fees and costs.  (*See* Berger Dec. ¶ 10).  Accordingly, the 40% fee reduction will result in approximately $1,200,000 in debt relief, and with the common fund

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF;** CASE NO. Case No. 4:13-cv-05377-RS

4

1   amount, a total monetary benefit of approximately $1,600,000[1].  Thus, Class Counsel's requests

2   for $200,000 in fees is only 12.5% of the total tangible monetary benefit being conferred on the

3   class as a result of the settlement.  Moreover, this percentage does not take into account the

4   tremendous value of the injunctive relief obtained through this settlement.  As such, this percentage

5   is well within the range of reasonableness in conducting a percentage cross check.

6        Class Counsel are also seeking reimbursement for their $19,833.89 in litigation costs

7   incurred to date, and a service award to the named plaintiff not to exceed $5,000.  Accordingly,

8   Plaintiff, on behalf of herself and the members of the Settlement Class, respectfully moves under

9   Fed. R. Civ. Proc. 23(h) for an order granting an award of attorney's fees, costs, and a service

10  payment in the total amount of $224,833.89.  Given the inherent risks in litigation and the

11  substantial length of the litigation to this point, Plaintiff and Class Counsel believe the fee request

12  is appropriate.

13  **II.    RELEVANT PROCEDURAL HISTORY**

14        **A.    The Pleadings**

15        On November 19, 2013, Plaintiff filed this action.  Plaintiff, on behalf of a putative class,

16  alleged that Defendant engaged in illegal and unfair business practices under both federal and

17  California law by collecting debt in a manner that violates legislature-established protections.

18        On January 6, 2014, Defendant filed a motion to dismiss the Complaint, arguing that the

19  Davis-Stirling Common Interest Development Act ("Davis Stirling Act") is inapplicable to

20  Defendant, and the FDCPA claims therefore fail.  Defendant argued that without violations of the

21  FDCPA, Plaintiff's allegations of UCL violations also fail.  On February 19, 2014, the Court,

22  while disagreeing with Pro Solutions' argument that the Davis Stirling Act was inapplicable to

23  Defendant's debt collection practices, granted Defendant's motion to dismiss the Complaint in

24  part, with leave to amend, because the Court found it "unclear which specific aspects of Pro

---

[1] Pro Solutions also represented that on average it fails to collect on approximately 30% of its accounts.  Even factoring in that failure rate, the fee reduction still provides a real tangible monetary benefit of $1,240,000.  Thus, even after factoring Pro Solution's represented average collection rate, Class Counsel's requested fee is still only 16% of the total tangible monetary benefit to the class.

LAW OFFICES
Cotchett, Pitre &
McCarthy, LLP

Solutions' conduct are being targeted by [Plaintiff's] complaint. . . . This lack of clarity obfuscates the legal theories underlying her claims.  Accordingly, the motion is granted in part with leave to amend."  *Hanson v. JQD*, LLC, Case No. 13-05377 RS, 2014 WL 644469, at *1 (N.D. Cal. Feb. 19, 2014).

On March 19, 2014, Plaintiff filed her First Amended Complaint ("FAC").  Plaintiff's FAC alleges that Defendant 1) charged Plaintiffs for collection costs that were not incurred by the HOA under its unlawful "no-cost" business model; 2) charged Plaintiffs excessive late fees; 3) charged Plaintiffs excessive interest; 4) threatened foreclosure when there was no right to foreclose; 5) refused partial payments from homeowners on their debt; and 6) applied payments to collection costs before fulfilling delinquent assessments.  Plaintiff contends that each of the collection activities are prohibited to the principal HOA, and as an agent of the HOA, Pro Solutions is also prohibited from engaging in these practices.

On April 11, 2014, Defendant filed a second motion to dismiss the Complaint, again arguing that the Davis-Stirling Common Interest Development Act ("Davis Stirling Act") is inapplicable to Defendant, and the FDCPA claims therefore fail.  After full briefing and oral argument, on July 7, 2014, the District Court denied Defendant's motion, holding that "because each challenged business practice gives rise to claims for relief under both the FDCPA and the UCL, defendant's motion is denied in full."  *Hanson v. JQD*, LLC, No. 13-05377 RS, 2014 WL 3404945, at *1 (N.D. Cal. July 11, 2014).  On July 30, 2014, Defendant answered the FAC, denying allegations of wrongdoing and asserting twenty-four affirmative defenses.

**B.    Discovery**

With regard to discovery, the parties exchanged numerous documents and a full set of written discovery.  (*See* Berger Dec. ¶ 5).  Plaintiff sent Defendant three sets of requests for production of documents.  *Id.*  Defendant also sent Plaintiff a request for document production.  Both parties sent Interrogatories. *Id.*  The deposition of Plaintiff was conducted on June 8, 2015, and lasted over four hours.  *Id.*  The depositions of three different representatives for Defendant

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF;** CASE NO. Case No. 4:13-cv-05377-RS

6

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1  were held on February 11, 2015; February 12, 2015; and June 26, 2015.  In addition, the deposition

2  of a third-party deponent was taken on June 26, 2015.  *Id.*

3  **C.  Mediation**

4      The first mediation session was held on March 25, 2015, lasted all day, and was facilitated

5  by Marc Alan Fong, an attorney and mediator specializing in HOA law.  (*See* Berger Dec. ¶ 6).

6  The parties provided briefs to Mr. Fong on the merits of the case as well as on damages.  *Id.*  This

7  initial attempt at mediation was unsuccessful, though the Parties subsequently engaged in weeks of

8  arms-length negotiations that eventually led both Parties to agree to a second mediation session.

9  *Id.*

10     On July 17, 2015, the Parties participated in in a second mediation session before JAMS

11  mediator, Hon. William J. Cahill, (Retired).  *Id.* at ¶ 7.  Again, the Parties provided briefs to Judge

12  Cahill on the merits of the case as well as on damages.  *Id.*  At the conclusion of this mediation,

13  which lasted until the evening, the Parties agreed to several changes in Defendant's business

14  practices but were unable to agree on the monetary portion of the settlement regarding debt relief

15  offered to current class members.  *Id.*  On July 27, 2015 Judge Cahill offered a mediator's proposal

16  to address the deadlock, and subsequently all Parties agreed to the proposal.  *Id.*  During the

17  settlement agreement drafting process, further disagreements emerged, and the Parties were unable

18  to reach a final settlement agreement.  *Id.*

19     On December 17, 2015, the Parties were referred to Hon. Magistrate Judge Kandis

20  Westmore for a settlement conference to be held on March 9, 2016.  *Id.* at ¶ 8.  The Parties were

21  finally able to come to an agreement on all terms, which were placed on the record with Magistrate

22  Judge Westmore.  *Id.*

23  **III.  THE SETTLEMENT TERMS AND CONDITIONS**

24     **A.  The Settlement Class**

25     The settlement consists of:  All current or former California homeowners whose HOA

26  accounts were transferred to Pro Solutions and where Pro Solutions, between November 19, 2009

27  to the present, either:  (1) contacted the homeowner and stated a debt amount that included charges

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S
APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF
COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. Case No. 4:13-
cv-05377-RS**

7

1    not incurred by the HOA; (2) contacted the homeowner and stated a debt amount that included late

2    fees in excess of those authorized under California law; (3) contacted the homeowner and stated a

3    debt amount that included interest in excess of the amount authorized under California law; (3)

4    contacted the homeowner and stated a debt amount that included interest in excess of the amount

5    authorized under California law; (4) threatened or initiated non-judicial foreclosure on assessment

6    debt below $1,800, exclusive of fees; (5) refused payments from a homeowner; and/or (6)

7    collected a payment from the homeowner and applied that payment to the costs of collection

8    before delinquent assessments were paid in full. *See* Agreement ¶ 1.3.

9        **B.    Injunctive Relief**

10           For a period of four (4) years after the entry of the Final Approval Order, Pro Solutions will

11   undertake and implement certain changes to its collection practices and procedures.  These

12   changes include:  (1) Pro Solutions will amend its existing contracts to eliminate "No Cost"

13   provisions; (2) Pro Solutions shall not charge late fees in excess of $10 or 10% of the delinquent

14   assessment, whichever is greater, pursuant to Civil Code Section 5650(b)(2); (3) Pro Solutions

15   shall not charge interest on delinquent accounts in excess of 12 percent per annum as set forth in

16   Civil Code Section 5650(b)(3); (4) All notices sent to homeowners shall include a Notice of Legal

17   Rights to the homeowner.  Pro Solutions will not enter into any payment plans with any

18   homeowner who has yet to receive written notice that includes the foregoing Notice of Legal

19   Rights; (5) Payments from homeowners will be applied to outstanding assessments prior to fees;

20   (6) Partial payments will not be rejected; (7) Pro Solutions will not prohibit communications

21   directly between HOAs and homeowners; (8) For any file assigned to Pro Solutions prior to the

22   Effective Date of Settlement for Benefits prior to the recording of the first document pertaining to

23   non-judicial foreclosure, following the Effective Date of Settlement for Fees,  Pro Solutions will

24   send homeowners the Notice of Legal Rights, and Pro Solutions will review the file to ensure that

25   any payments made subsequent to the Effective Date of Settlement for Benefits are  properly

26   applied to outstanding assessments prior to fees.  For all other files, Pro Solutions will review the

27   file to ensure that any payments were properly applied to outstanding assessments prior to fees;

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF;** CASE NO. Case No. 4:13-cv-05377-RS                8

1  and (9) Pro Solutions will not request homeowners to waive the protections of Cal. Civil Code

2  section 5655 in the context of payment plans, absent a published opinion of the California Court of

3  Appeals that finds such waiver provisions to be legal or legislation stating such waiver provisions

4  to be legal.  *See* Agreement ¶ 3.1 and Exhibit A ¶¶ 1-9.

5       Defendant has also agreed to a fee reduction for a sub-class of current debtors (the "Fee

6  Reduction Sub-Class").  Upon Final Judicial Approval, on each account, Pro Solutions will reduce

7  the amount of fees that it seeks to collect and retain, as of the Preliminary Approval Date, by 40%.

8  Pro Solutions may not back-charge an account retroactively for work that has been done prior to

9  the date of the Final Judicial Approval and reduction of fees, in an attempt to offset the 40%

10  reduction.  *See* Agreement Exhibit A ¶ 10.

11      **C.**    **Settlement Fund**

12       Under the terms of the settlement, the Claims Administrator will create a Qualified

13  Settlement Fund, which will be funded by Pro Solutions, through its insurer, within fourteen (14)

14  days after Final Judicial Approval, in the amount of the remaining policy limits as of March 10,

15  2016, less the fees and costs reasonably incurred by Defendant's Counsel between March 10, 2016

16  and Final Approval.  In no event shall the Qualified Settlement fund be less than $400,000.00.  *See*

17  Agreement ¶ 3.2.

18      **D.**    **Payments to the Settlement Class**

19       Each Cash Relief Sub-Class Member's percentage of the Net Class Settlement Fund

20  ("Individual Percentage") shall be calculated by dividing the amount of fees and costs collected

21  and retained by Pro Solutions during the Class Period from each Cash Relief Sub-Class Member

22  by the total amount of amount of fees and costs collected and retained by Pro Solutions during the

23  Class Period from all Cash Relief Sub-Class Members.  The resulting Individual Percentage

24  assigned to each Class Member shall be the percentage of the Net Class Settlement Fund that each

25  Class Member shall be entitled to if he/she submits a timely Claim Form.  The resulting monetary

26  amount equals the Gross Individual Settlement Payment, and the sum of all Gross Individual

27  Settlement Payments equals the Net Class Settlement Fund.  *Id.* ¶ 3.2.5.

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF;** CASE NO. Case No. 4:13-cv-05377-RS

9

In the event all Class Members do not make claims and therefore the payments Gross Individual Settlement Payments to Participating Cash Relief Sub-Class Members total less than 100% of the Net Class Settlement Fund, the Claims Administrator shall proportionately increase the payment to each Participating Settlement Class Member so that the total settlement payout of Gross Individual Settlement Payments equals 100% of the Net Class Settlement Amount. *Id.* ¶ 3.2.7.  After reapportionment pursuant to 3.2.7, Gross Individual Settlement Payments to Participating Cash Relief Sub-Class Members that are less than $20 will not be distributed to such Sub-Class Members, and instead will be distributed by *cy pres* to an organization or organizations selected by Plaintiff and Class Counsel subject to approval by the Court.  *Id.* ¶ 3.2.8.

### E.  The Release

The settlement releases Class Members' claims related to all known and/or unknown and unanticipated injuries or damages, including any and all claims now existing or which may arise in the future, as well as those not known or disclosed, arising out of Pro Solutions' attempts to collect fees and costs from Class Members during the Class Period.  *Id.* ¶ 8.1.  The settlement releases the Defendant and their affiliated entities as is commonly done with regard to class action settlements. *Id.* ¶ 1.28.

### F.  Notice

Pursuant to the Agreement, a short-form Notice postcard was be sent directly to all persons on the Class List provided by Pro Solutions.  Pro Solutions provided a Class List to the Settlement Administrator.  The short-form Notice contains a link to a Claims website, which contains, *inter alia*, a long-form Notice.

If more than five percent (5%) of Class Members opt out of the Settlement, Pro Solutions shall have the option to terminate the Settlement.  Agreement ¶ 10.3.

### G.  Attorneys' Fees, Costs, and Service Payment to Plaintiff

Payments from the Qualified Settlement Fund shall be made for (1) a Service Award to the Named Plaintiff not to exceed $5,000; (2) Attorneys' Fees and Cost Award paid to Class Counsel not in excess of $200,000 of the Gross Settlement Amount and costs not to exceed $20,000; and

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. Case No. 4:13-cv-05377-RS**

10

1   (3) claims administration costs.  The balance remaining shall constitute the Net Class Settlement

2   Fund from which Gross Individual Settlement Payments shall be made to the Participating Cash

3   Relief Sub-Class Members.  *See* Agreement ¶ ¶ 3.2.1 – 3.2.4.  All costs arising from the

4   administration of this Settlement are to be paid out of the settlement payment provided by Pro

5   Solutions and its insurer.  *Id.* ¶ 4.7.  Notice has been provided by the Angeion Group, an

6   experienced administrator of class action settlements.  *Id.* ¶¶ 1.2 and 5.1.

### H.    Cy Pres

8          After reapportionment pursuant to section 3.2.7 of the Agreement, Gross Individual

9   Settlement Payments to Participating Cash Relief Sub-Class Members that are less than $20 will

10   not be distributed to such Sub-Class Members, and instead will be distributed by *cy pres*.  Plaintiff

11   proposes that the *cy pres* recipients be Bay Area Legal Aid and California Rural Legal Assistance,

12   both of which have litigated issues related to HOA debt collection.

### IV.    <u>LEGAL STANDARD</u>

14          The determination of the amount of reasonable attorneys' fees and expenses is within the

15   sound discretion of the district court.  *Hanlon v. Chrysler Corp.* 150 F.3d 1011, 1029 (9th Cir.

16   1998).  "While attorneys' fees and costs may be awarded in a certified class action where so

17   authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), courts have an independent

18   obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have

19   already agreed to an amount."  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th

20   Cir. 2011).  The district court has discretion to choose either the "percentage of the fund" or the

21   "lodestar" method in calculating fees.  *In re Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th

22   Cir. 2010); *Fischel v. Equitable Life Assur. Soc'y,* 307 F.3d 997, 1006 (9th Cir. 2002); *Winniger v.*

23   *SI Mangement L.P.*, 301 F.3d 1125, 1123-24 & n.9 (9th Cir. 2002); *Vizcaino v. Microsoft Corp.*,

24   290 F.3d 1043, 1047 (9th Cir. 2002).

25          Where the court uses the lodestar method, the proper fee "is calculated by multiplying the

26   number of hours the prevailing party reasonably expended on the litigation (as supported by

27   adequate documentation) by a reasonable hourly rate for the region and for the experience of the

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF;** CASE NO. Case No. 4:13-cv-05377-RS

11

1   lawyer." *Bluetooth*, 654 F.3d at 941.  The lodestar approach "involves multiplying the number of

2   hours the prevailing party reasonably expended on the litigation by a reasonably hourly rate, and, if

3   circumstances warrant, adjusting the lodestar to account for other factors which are not subsumed

4   within it."  *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003).

5       As this Court stated in a class action brought under California law in 2013, the lodestar is

6   "[t]he primary method for establishing the amount of reasonable attorney fees is the lodestar

7   method."  *Wolph v. Acer American Corporation*, Case No. 3:09-cv-01314 JSW, 2013 U.S. Dist.

8   LEXIS 151180 at *5 (N.D. Cal. October 21, 2013) (citing *In re Vitamin Cases* 110 Cal.App.4th

9   1041, 1053 (2003)).

10      "In assessing a reasonable hourly rate for the lodestar figure, courts should consider the

11  prevailing market rate in the community for similar services by lawyers of reasonably comparable

12  skill, experience, and reputation.  *Blum v. Stenson,* 465 U.S. 886, 895–96 and n. 11, 104 S.Ct.

13  1541, 79 L.Ed.2d 891 (1984).  The relevant community for purposes of determining the prevailing

14  market rate is generally the 'forum in which the district court sits.'  *Camacho v. Bridgeport Fin.,*

15  *Inc.,* 523 F.3d 973, 979 (9th Cir.2008).  'Affidavits of the plaintiffs' attorney and other attorneys

16  regarding prevailing fees in the community, and rate determinations in other cases, particularly

17  those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market

18  rate.'"  *The Sierra Club v. U.S. Envtl. Protec. Agency*, 75 F. Supp. 3d 1125, 1152 (N.D. Cal. 2014).

19      "In the Ninth Circuit, the proper method for determining reasonable attorneys' fees is to

20  use the "lodestar method."  *Hensley v. Eckerhart*, 461 U.S. at 433, 103 S.Ct. 1933 (1983); *Jordan v.*

21  *Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir.1987).  First, the trial court calculates attorneys'

22  fees by multiplying the number of hours reasonably spent by counsel by a reasonable hourly rate.

23  *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir.1996)."  *Cotton v. City of Eureka*, Cal.,

24  889 F. Supp. 2d 1154, 1165 (N.D. Cal. 2012).  This amount is "presumed reasonable."  *Quesada et*

25  *al. v. Thompson et al.*, 850 F. 2d 527, 539 (9th Cir. 1988).

26      "Once the court has fixed the lodestar, it may increase or decrease that amount by applying

27  a positive or negative 'multiplier' to take into account a variety of other factors, including the

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S
APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF
COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. Case No. 4:13-
cv-05377-RS**

12

quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Acer*, 2013 U.S. Dist. LEXIS 151180 at *5-6 (citing *Lealao v. Beneficial California, Inc.* 82 Cal.App.4th 19, 26 (2000)).

In a common fund analysis, courts routinely apply a 25% benchmark of the amount recovered with enhancements or reductions depending on a number of factors. *See Bluetooth*, 654 F.3d at 942; *see also Six Mexican Workers v. Arizona Citrus Growers* 904 F.2d 1301, 1310 (9th Cir. 1990). In considering whether to enhance or reduce the benchmark the Court may consider: (1) the length of time required; (2) the results achieved; (3) the complexity of the case; (4) the risks involved; (5) any non-monetary benefits involved; (6) the percentages awarded in other class actions; (7) the typical contingent fee percentages in individual cases; and (8) class counsel's lodestar. *See e.g. Vizcaino, supra,* 290 F.3d at 1048-50 (applying five factors); *Six American Workers*, 904 F.2d at 1311; *In re Pacific Enters. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995).

In the Ninth Circuit, the district court should perform a cross-check, using the other method to confirm the reasonableness of the fee. *Bluetooth*, 654 F.3d at 944-45. This allows courts to "guard against an unreasonable result by cross-checking their calculations against a second method." *Id.*

## V.   CLASS COUNSEL'S FEE REQUEST IS REASONABLE

Class Counsel submits that the requested fee is reasonable based upon their lodestar, and that the cross-check against the amount the class will receive—i.e., analyzing the settlement as a constructive common fund–further supports this determination. <u>Class Counsel's fee request is 34% of their lodestar, and 12.5% of the total, tangible monetary benefit to the class.</u>

### A.   Class Counsel's Lodestar is $589,842.50, yet Class Counsel is Requesting only $200,000 in Attorneys' Fees

Class counsel spent over 1,250 hours litigating this case (CPM spent 931.80 hours and HERA spent 333 hours). *See* Berger Dec. ¶¶ 14, 15, and <u>Exhibit 3</u>; Zinner Declaration ¶ 23 and <u>Exhibit 1</u>. This does not include time spent drafting the present motion, time that will be spent continuing to respond to class member inquiries, time to be spent preparing the motion for final approval of the settlement, or appearing to argue these motions. Each of these ongoing activities

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. Case No. 4:13-cv-05377-RS**

13

1    will increase Class Counsel's lodestar, but will not alter the amount Class Counsel seek to be paid.

2    Counsel's time was spent on numerous activities, ranging from research to discovery to drafting

3    motions and participating in multiple mediations.  *Id*.

4       The regular hourly rates for the attorneys involved are provided in the accompanying

5    declarations, and range from $350 per hour to $750 per hour[1].  *See* Berger Dec. ¶ 14; Zinner Dec.

6    ¶¶ 10, 15, and 19.  Counsel believe their rates are reasonable hourly rates for work in the Northern

7    District of California.  *See* Berger Dec. ¶ 17; Zinner Dec. ¶ 10; *see also In re Porsche Cars N. Am.*

8    *Plastic Coolant Tubes Prods. Liab. Litig.*, Case No. 2:11-md-2233 (S.D. Ohio,[2] March 19, 2014)

9    Docket No. 152 at pp. 7-9 (approving CPM's lodestar request using its regular hourly rates in

10   MDL action along with a multiplier of 1.21); *Abat v. Chase et al*, Case No. SACV 07-1476 CJC

11   (ANx) (C.D. Cal. November 7, 2011) Docket No. 346 at pp. 9-11 (approving CPM attorneys' fee

12   request of twenty-nine (29%) percent of the total common fund, and noting that the "request is

13   only equal to 89% of Class Counsel's actual lodestar").

14      Class Counsel could reasonably expect to recover 100% of its lodestar because:  (1) this

15   matter has been intensely litigated for over three years by experienced and skilled counsel; (2)

16   Class Counsel has taken this case on a wholly contingent basis, and thus risked not being paid; (3)

17   the matter involved novel and complex legal questions; (4) Class Counsel achieved a substantial

18   monetary benefit for the class; and (5) Class Counsel achieved tremendous injunctive relief for the

19   class (*e.g.*, as a condition of settlement, Pro Solutions has agreed to change essentially all of the

20   practices that gave rise to this litigation).  Class Counsel, however, only request 34% of their

21   lodestar in order to maximize the recovery to the Class.

22      Moreover, the hours Class Counsel spent litigating this matter were reasonable and

23   necessary.  Indeed, the litigation presented novel and complex legal questions, and required

24

25   [1] Because Class Counsel is only seeking 34% of its lodestar, the range of hourly rates is, in effect, $119 per hour to $255 per hour.

26   [2] Despite the fact that the litigation was in Ohio, because the case was initially filed in the Northern

27   District of California prior to MDL consolidation, the relevant market for comparing the rates was the N.D. of Cal.  *See Lonardo v. v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 794 (N.D. Ohio 2010).

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S
APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF
COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF;** CASE NO. Case No. 4:13-
cv-05377-RS

14

1    significant amounts of research and motion practice, as the record shows Class Counsel has

2    vigorously litigated this action including opposing two separate motions to dismiss.  Class Counsel

3    also spent considerable time and effort negotiating this settlement, as settlement occurred only

4    after extensive negotiations, two mediations with highly experienced mediators, and a settlement

5    conference with Magistrate Judge Kandis Westmore.

6           Furthermore, during the three years of litigation, Class Counsel engaged in extensive

7    discovery requests and responses, exchanged hundreds of pages of information, and held extensive

8    and often contentious meet and confer conferences in order to attempt to resolve significant

9    discovery disputes.  Plaintiff served multiple sets of requests for production of documents and

10   requests for admission.  Plaintiff produced numerous of pages of records.  Defendants served

11   numerous requests for production of documents, requests for admission and interrogatories.

12   Plaintiff deposed two 30(b)(6) witnesses, and a third party , while  Defendant deposed Plaintiff.

13   The hours Class Counsel spent litigating this case were reasonable and necessary.

14        **B.     The Requested Fee is 12.5% of the Total Tangible Monetary Benefit to the
                   Class, Supporting a Finding of Reasonableness**

15

16          The fees requested by Class Counsel in this case are also reasonable under the common

17   fund approach.  In analyzing the reasonableness of fees under the common fund, the court

18   compares the requested fee with the recovery to the class.  Here, $200,000 is reasonable in

19   comparison to the results Class Counsel obtained for the Class, *i.e.*, (1) the total monetary benefit

20   to the Class of approximately $1,600,000, and (2) the tremendous injunctive relief obtained in the

21   form of Pro Solutions' agreement to immediately cease essentially all of the practices that gave

22   rise to this litigation.  The Class will receive nearly 87.5% of the total monetary benefit to the

23   class, while Class Counsel's attorneys' fees amount to 12.5% of that amount.  This is a reasonable

24   fee, well under the 25% benchmark.  Moreover, the recovery is provided directly to the Class.

25   There is no provision for reversion.

26        **C.     Plaintiff's Request for Reimbursement of Litigation Expenses is Reasonable**

27          To determine whether particular costs are compensable, the Court should find that the costs

28   are the type regularly billed by attorneys to paying clients in the marketplace.  *Beasley v. Wells*

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S
APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF
COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. Case No. 4:13-
cv-05377-RS**                                                                                  15

1   *Fargo Bank*, 235 Cal. App. 3d 1407, 1419 (1991); *see also Knight v. Red Door Salons, Inc.,* Case

2   No. No. 08-01520 SC, 2009 U.S. Dist. LEXIS 11149, at *8 (N.D. Cal. February 2, 2009)

3   ("Attorneys may recover their reasonable expenses that would typically be billed to paying clients

4   in non-contingency matters.  Plaintiffs' counsel's expenses are documented in detail in the

5   declarations from counsel.  The expenses relate to online legal research, travel, postage and

6   messenger services, phone and fax charges, copying, court costs, and the costs of travel.  Attorneys

7   routinely bill clients for all of these expenses and it is therefore appropriate for counsel to recover

8   these costs….") (internal citations omitted); *Harris v. Marhoefer*, 24 F. 3d 16, 19 (9th Cir. 1994)

9   ("Harris may recover as part of the award of attorney's fees those out-of-pocket expenses that

10   would normally be charged to a fee paying client. Thus reasonable expenses, though greater than

11   taxable costs, may be proper") (internal citations omitted).

12         In this case, Class Counsel expended a total of $19,833.89 in litigation expenses.  *See*

13   Berger Dec. <u>Exhibit 4</u>.  These expenses were both necessary and reasonable in order to achieve

14   settlement.  The bulk of the costs consist of mediation fees, deposition fees, and expert/consulting

15   fees.  *See* Berger Dec. ¶ 19.

16         **D.**    **The Requested Service Payment to the Named Plaintiff is Reasonable**

17         Service payments promote the public policy of encouraging individuals to undertake the

18   responsibility of representative lawsuits.  *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F. 3d

19   454, 463 (9th Cir. 2000); *Staton v. Boeing*, 327 F. 3d 938, 977 (9th Cir. 2003); *Stevens v. Safeway,*

20   *Inc.*, Case No. CV 05-01988 MMM (SHx), 2008 U.S. Dist. LEXIS 17119 (C.D. Cal. 2008);

21   Manual for Complex Litigation 21.62 n. 971 (4th Ed. 2004) (service payments may be "merited for

22   time spent meeting with class members, monitoring cases, or responding to discovery").

23         The $5,000 service payment to the single class representative in this case is eminently

24   reasonable.  Such awards are appropriate given that the class representative dedicated significant

25   time and energy to the prosecution of this case.  *See Staton*, 327 F.3d at 977; *In re Mego. Fin.*

26   *Corp. Sec. Litig.*, 213 F. 3d at 463.  Moreover, the payment here is well within the range of awards

27   typically given.  *See, e.g., Bogosian v. Gulf Oil*, 621 F. Supp. 27, 32 (E.D. Pa. 1985) (stating that

28   "the propriety of allowing modest compensation to class representatives seems obvious," and

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S
APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF
COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF;** CASE NO. Case No. 4:13-
cv-05377-RS

16

1   awarding $25,000 to two named class representatives); *see also Razilov v. Nationwide Mut. Ins.*

2   *Co.*, Case No. 01-CV-1466-BR, 2006 U.S. Dist. LEXIS 82723 (D. Or. Nov. 13, 2006) (approving

3   $10,000 award to each class representative).

4          Here, the Class Representative expended substantial time and effort as the named plaintiff.

5   Among other things, she spent time reviewing and responding to document requests and

6   interrogatories, including collecting responsive documents; preparing for and sitting for her

7   deposition; and consulting with Class Counsel regarding litigation strategy, settlement negotiations,

8   and other matters. Berger Decl. ¶ 21.  In light of the benefits conferred by the settlement reached in

9   this case, the important role of the Class Representative should be acknowledged with a reasonable

10  payment to compensate her for her time and expenses associated with actively participating in this

11  litigation.

12         Accordingly, Class Counsel respectfully requests that the Court approve a service payment

13  of $5,000 to Gena Hanson.

14  **VI.    CONCLUSION**

15         For the forgoing reasons, Plaintiff and Class Counsel respectfully request that the Court

16  award $200,000 in attorneys' fees, $19,833.89 in litigation expenses and costs, and a $5,000

17  service payment to the Plaintiff.  The amounts sought are reasonable based on both the time and

18  resources expended, the necessity of those expenditures and the value the litigation provided to the

19  class.

20   Dated:  February 17, 2017           **COTCHETT, PITRE & McCARTHY, LLP**

21

22                                       By: ___*/s/ Justin T. Berger*___
                                             JUSTIN T. BERGER
23                                           EMANUEL B. TOWNSEND

24                                       **HOUSING AND ECONOMIC RIGHTS
                                         ADVOCATES**
25
                                             NOAH ZINNER
26                                           GINA DI GIUSTO

27                                       *Attorneys for Plaintiffs and the Proposed Class*

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFF'S
APPLICATION FOR ATTORNEYS' FEES, SERVICE AWARD, AND REIMBURSEMENT OF
COSTS AND EXPENSES; MEMORANDUM IN SUPPORT THEREOF; CASE NO. Case No. 4:13-
cv-05377-RS**                                                                    17