JUSTIN T. BERGER (SBN 250346)
jberger@cpmlegal.com
EMANUEL B. TONSEND (SBN 305373)
etownsend@cpmlegal.com
ADAM M. SHAPIRO (SBN 267429)
ashapiro@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

NOAH ZINNER (SBN 247581)
nzinner@heraca.org
GINA DI GIUSTO
gdigiusto@heraca.org (SBN 293252)
**HOUSING AND ECONOMIC RIGHTS ADVOCATES**
1814 Franklin Street, Suite 1040
Oakland, California 94612
Telephone: (510) 271-8443
Facsimile: (510) 280-2548

*Attorneys for Plaintiff Gena Hanson, Individually
and on Behalf of All Others Similarly Situated*

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GENA HANSON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**JQD, LLC, d/b/a PRO SOLUTIONS**, a California corporation;<br><br>Defendant. | CASE NO. Case No. 4:13-cv-05377-RS<br><br>[~~PROPOSED~~] **ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Date: April 27, 2017<br>Time: 1:30 pm<br>Judge: The Honorable Richard Seeborg<br>Room: Courtroom 3, 17th Floor |

# [PROPOSED] ORDER GRANTING MOTION FOR
# FINAL APPROVAL OF SETTLEMENT

This matter came before the Court for hearing on April 27, 2017 pursuant to the Order of this Court dated October 18, 2016 (ECF No. 80) ("Preliminary Approval Order"), on the application of the Parties for approval of the Class Action Settlement and Release dated as of July 21, 2016 (the "Agreement").  Due and adequate notice having been given to the Settlement Class as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This judgment incorporates by reference the definitions in the Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. By entering this Order, the Court does not make any determination as to the merits of this case.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action defined as:  All current or former California homeowners whose HOA accounts were transferred to Pro Solutions and where Pro Solutions, between November 19, 2009 to the present, either:  (1) contacted the homeowner and stated a debt amount that included charges not incurred by the HOA; (2) contacted the homeowner and stated a debt amount that included late fees in excess of those authorized under California law; (3) contacted the homeowner and stated a debt amount that included interest in excess of the amount authorized under California law; (3) contacted the homeowner and stated a debt amount that included interest in excess of the amount authorized under California law; (4) threatened or initiated non-judicial foreclosure on assessment debt below $1,800, exclusive of fees; (5) refused payments from a homeowner; and/or (6) collected a payment from the homeowner and applied that payment to the costs of collection before delinquent assessments were paid in full.  Excluded from the Class are the Defendant herein, all officers, directors and employees of Defendant, and their

legal representatives, heirs, or assigns, and any Judges to whom the Action is assigned, their staffs, and their immediate families.

5. The Court confirms the prior appointments of the Plaintiff Gena Hanson as Class Representative, and the law firms of Cotchett Pitre & McCarthy and Housing And Economic Rights Advocates as Class Counsel.

6. With respect to the Settlement Class, this Court finds and concludes that for settlement purposes only: (a) the Class Members are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual question; (c) the claims of the Class Representative are typical of the claims of the Settlement Class; (d) the Class Representative and her counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

7. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable and adequate. The Court further finds that the settlement set forth in the Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the settlement embodied in the Agreement is hereby finally approved in all respects, there is no just reason for delay and the Parties are hereby directed to perform its terms.

8. The Action is hereby dismissed in its entirety with prejudice and without costs. Nothing herein is intended to waive or prejudice the rights of Class Members who have timely excluded themselves from the Settlement Class.

9. The releases set forth in Paragraph 8 of the Agreement together with the definitions in Paragraphs 1.11 to 1.30 relating thereto are expressly incorporated herein in all respects.

10. The Class Representative and all Class Members, and anyone claiming through or on behalf of any of them (collectively, "Releasors"), are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not), either directly, representatively or in any other capacity, asserting any of the Released Claims (including Unknown Claims) against any of the Releasees.

11. The Releasors shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Releasees.

12. The distribution of the Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process and any other applicable law.

13. Any order entered regarding the attorney's fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Class Counsel's fees and costs will be addressed in a separate order.

14. Neither this Order, the fact that a settlement was reached and filed, the Agreement nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendant or any other Releasee.  This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.  In no event shall this Order, the Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the

1  Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other
2  proceeding, by any person or entity, except in a proceeding to enforce the Agreement.

3      15.    Without affecting the finality of this Judgment in any way, this Court hereby retains
4  continuing jurisdiction over: (a) implementation of this settlement; (b) hearing and determining
5  applications for attorneys' fees and expenses in the Action; and (c) all Parties hereto for the
6  purpose of construing, enforcing, and administering the Agreement.

7      16.    In the event that the Settlement does not become effective in accordance with the
8  terms of the Agreement, the Parties shall be restored to their respective positions in the Action
9  prior to the execution of the Agreement, and this Judgment shall be rendered null and void to the
10 extent provided by and in accordance with the Agreement and shall be vacated and, in such event,
11 all orders entered and releases delivered in connection herewith shall be null and void to the extent
12 provided by and in accordance with the Agreement.

13     17.    There is no just reason for delay in the entry of this Order and Final Judgment and
14 immediate entry by the Clerk of the Court is hereby directed.

**IT IS SO ORDERED.**

Dated: 4/27/17

_____
**HONOROABLE RICHARD SEEBORG**